Leopold Xavier REVADA, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–87–505–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 27, 1988.

$i = d(1 + r)^t - d$

Linda G. Cryer, Houston, for appellant.

Timothy G. Taft, Houston, for appellee.

Before J. CURTISS BROWN, C.J.,
and ROBERTSON and CANNON, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

Leopold Xavier Revada pled not guilty to the offense of delivery of a controlled substance. A jury found him guilty and assessed punishment, enhanced under TEX.PENAL CODE § 12.42(d), to imprisonment for 20 years at the Texas Department of Corrections. This appeal follows.

Appellant's first two points of error allege that the trial court erred in admitting testimony of three extraneous offenses, which constituted a prejudicial effect and violated appellant's constitutional rights to due process under the 14th amendment. We disagree.

The appellant complains that on three separate occasions during the trial, the jury heard inadmissible testimony concerning extraneous offenses. The first two instances that the appellant points to consist of the following testimony:

Questions by Assistant District Attorney Burtner. Answers by Houston Police Officer DeBlanc.

Q: But prior to that time were you aware that the defendant did, in fact, exist? Did you know Leo Revada?

A: No, I had no knowledge of him. I did not know him.

Q: Did you know him by sight?

A: No.

Q: Had you, in fact, ever seen him?

A: No, not until that day.

Q: When he stepped into the street, what did he do?

A: He just motioned me to stop. He flagged me down or waved his arms.

Q: What type of neighborhood were you in when you were flagged down?

A: It was located—were in the Third Ward area. It's like east of downtown. It's a predominantly black area. It's a high crime rate area, lots of drugs—

Mr. Leitner: I object to all that. It assumes extraneous offenses.

The Court: All right. Let's move on, please.

Mr. Leitner: Could I have a ruling as to that, Your Honor.

The Court: All right, your objection is sustained.

Mr. Leitner: Could I have the jury instructed to disregard?

The Court: Well, as to which comment?

Mr. Leitner: Well, when he starts volunteering stuff about the area, itself.

The Court: All right, the jury will disregard any comments not directly relating to the specific question.

Officer DeBlanc latter testified on direct examination from Mr. Burtner that:

A: Well, I had made several drug arrest on this particular corner, so I slowed down just to look and see if anyone was there.

Q: Okay. After you came in contact with the defendant, what did you do?

A: Then I pulled to the side of the road, the north side of McGowen there.

■ Appellant cannot complain of this testimony since he has not preserved error for review. Even though appellant's objection was sustained and a motion to disregard was granted in the first instance referred to, he was silent when identical testimony was latter elicited by the same witness. Thus, any error was rendered harmless due to the trial judges instruction to disregard. *Crocker v. State*, 573 S.W.2d 190, 201 (Tex.Crim.App.1978); *Allen v. State*, 513 S.W.2d 556, 557 (Tex.Crim.App. 1964). Also, appellant's failure to object when similar testimony was elicited from the same witness waives any error for review. *Daniel v. State*, 668 S.W.2d 390, 392 (Tex.Crim.App.1984); *Crocker v. State*, 573 S.W.2d 190, 201 (Tex.Crim.App.1978). The appellant's failure to object to the second instance of inadmissible testimony waives error. Generally, absent an objection to the admission of evidence, nothing is presented for review. Tex.R.App.P. 52(a). *Cisneros v. State*, 692 S.W.2d 78, 82 (Tex. Crim.App.1985).

Second, the determination of admissibility of evidence is within the sound discretion of the trial court. *Jackson v. State*, 575 S.W.2d 567, 570 (Tex.Crim.App.1979), and will not be reversed on appeal unless a clear abuse of discretion is shown. *Werner v. State*, 711 S.W.2d 639, 643 (Tex. Crim.App.1986).

■ Officer DeBlanc's testimony is clearly admissible under Tex.R.Crim.Evid. 404(b). The prosecution is entitled to elicit testimony on the facts and circumstances surrounding the commission of the offense. *See Wilkerson v. State*, 736 S.W.2d 656, 661 (Tex.Crim.App.1987); *Sifford v. State*, 741 S.W.2d 440, 441 (Tex.Crim.App.1987); *Hoffert v. State*, 623 S.W.2d 141, 144 (Tex. Crim.App.1981). Officer DeBlanc's testimony clearly describes the circumstances surrounding the commission of the offense in which the appellant was convicted.

■ The third instance in the record which appellant complains of is as follows:

(Questions by Mr. Burtner. Answers by Officer DeBlanc.)

Q: Officer, a great deal was made about this Bear Lodge or Sportsman's Lounge. You said it was synonymous

as far as the police were concerned. Also that there was no liquor license. What is that lounge, if you will?

A: Well, it's what we refer to as a crack house. It has fortified type doors.

Mr. Leitner: I would object to that. I would ask that the jury be taken out so that I could go into the matter with him, Your Honor.

.    .    .    .    .

Mr. Leitner: For purposes of the record, I need to get the Court to make a ruling on my objection that it is not relevant, it is highly prejudicial and the probative value of whatever he is getting into is greatly outweighed by any prejudicial effect it has on the jury, and he's trying to prejudice this defendant because he lives in the area where there's a crack house.

The Court: Well, we're not going to expand any further along those lines. To that extent your objection is sustained.

Mr. Leitner: I would ask the Judge to instruct the jury to disregard all of those statements about that location being a crack house.

The Court: All right. Now, because we have not gone further than that, I'm not going to honor your request to instruct the jury up to this point because you had sort of opened the door. We are not going to dwell on this point. We are going to move ahead and proceed to move on to other things as far as it is a crack house.

Mr. Leitner: For purposes of the record, I would also move for a mistrial.

The Court: All right. That is denied. All right....

This testimony is also admissible to describe the facts and circumstances surrounding the commission of the offense. *See, Wilkerson,* 736 S.W.2d at 661; *Sifford,* 741 S.W.2d at 441; *Hoffert,* 623 S.W. 2d at 144.

We find that all the testimony that is complained of by the appellant is admissible because its probative value outweighs its prejudicial aspects. TEX.R.CRIM.EVID. 402, 403.

■ Assuming arguendo, that the trial court committed error in admitting this testimony, appellant did not show any harm to that error. Reviewing the entire record, we have come to the conclusion that the minds of the average jury would not have found the State's case significantly less persuasive had the testimony now at issue been excluded. *Smith v. State,* 744 S.W.2d 86, 94 (Tex.Crim.App.1987) (citing *Schneble v. Florida,* 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972) and TEX.R.APP.P. 81.). The appellant's first and second points of error are overruled.

His third point of error, contends that the trial court committed reversible error by failing to charge the jury on the issue of entrapment.

■ Even though testimony in the record controverts the State's rendition of how the incidents occurred that led to the arrest of the appellant, he is not entitled to an issue on the defense of entrapment. In most cases where there is such a conflict of testimony, a controverted issue of entrapment would appear and must be submitted to the jury. However, we are compelled to follow the Texas Court of Criminal Appeals' holding in *Bush v. State,* 611 S.W.2d 428 (Tex.Crim.App.1980). In *Bush,* the court held that a promise to get the appellant high on dope was so unlikely to induce a person not already disposed to commit the criminal offense charged as to not even raise the issue of entrapment. *Id.* at 432. Thus, the admission of the appellant that he was to receive some of the crack from the arresting officer prohibits him as a matter of law from being granted an issue of entrapment. *Bush,* 611 S.W.2d at 432. Appellant's third point of error is overruled.

In his fourth point of error appellant contends that TEX.CRIM.PROC.CODE ANN. art. 37.07 § 4 (Vernon Supp.1988) is unconstitutional and that the trial court erred in instructing the jury, over his objections, on the parole laws.

It would appear that the Court of Criminal Appeals' recent decision on motion for

rehearing in *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1988) is controlling on this issue. A majority of the Court of Criminal Appeals has now agreed that article 37.07 § 4(a) is unconstitutional because is violates the separation of powers and due course of law provisions of the Texas Constitution. *Id.* at 552.

■ TEX.R.APP.P. 81(b)(2) dictates the harm analysis the appellate courts must now apply in this situation is as follows:

> If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

*Rose*, 752 S.W.2d at 553; *Fast v. State*, 755 S.W.2d 515, 517 (Tex.App.—Houston [14th Dist.] 1988, no pet.). The Court of Criminal Appeals has suggested factors that the appellate courts should use in implementing TEX.R.APP.P. 81(b)(2). They are: Whether the jury was given a curative instruction, whether the facts of the offense "militate" in favor of the sentence imposed, and whether the appellant had a criminal record. *Rose*, 752 S.W.2d at 554; *Fast*, 755 S.W.2d at 517. Viewing the record in light of these suggested facts and TEX.R.APP.P. 81(b)(2), we find beyond a reasonable doubt the error of the trial judge in instructing the jury on the parole laws made no contribution to the conviction or to the punishment.

First, the charge here is similar to the charge used in *Rose*. In addition to giving the parole instructions, the trial judge stated further:

> "You are not to discuss among yourselves how long the accused will be required to serve the sentence that you impose. Such matters come from within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas, and must not be considered by you."

We must presume that the jury followed all of the instructions given by the trial judge in the manner presented. *Rose*, 752 S.W.2d at 528; *Cobarrubio v. State*, 675 S.W.2d 749, 752 (Tex.Crim.App.1983). A curative instruction was given by the trial judge in the present case.

Also, after the appellant was convicted, due to his plea of true to the enhancement paragraph in the indictment, he was subject to be imprisoned between 15 and 99 years with the possibility of a fine no greater than ten thousand dollars ($10,000.00). Appellant was only given a 15 year term in confinement by the jury. The facts in the present case clearly militate in favor of the sentence imposed.

Finally, the appellant pled true to the enhancement paragraph alleging prior felony convictions of burglary and burglary of a motor vehicle, proving that he had a prior criminal record.

Viewing all three suggested factors in implementing Tex.R.App.P. 81(b)(2), we conclude beyond a reasonable doubt that the error of the inclusion of the parole charge, made no contribution to conviction or punishment. *Rose*, 752 S.W.2d at 554; *Fast*, 755 S.W.2d at 517. Appellant's fourth point of error is overruled.

Appellant's fifth point of error contends that the trial court erred by completely failing to admonish the appellant on the range of punishment before accepting his plea of true to the enhancement paragraphs in the indictment. The record shows that prior to the beginning of the punishment phase the trial judge relayed to the appellant the proper admonitions. The trial judge gave these admonitions even though he was not required to do so by statute. TEX.CODE CRIM.PROC.ANN. art. 26.-13 (Vernon Supp.1988) does not require the trial judge to admonish the defendant at the punishment phase. *Williams v. State*, 504 S.W.2d 477, 483–84 (Tex.Crim.App. 1974); *Crowder v. State*, 424 S.W.2d 637, 638 (Tex.Crim.App.1968). Appellant's fifth point of error is overruled.

■ Appellant's sixth point of error contends that the trial court erred by admitting into evidence new and harmful facts outside the record, over the appellant's objections, during the State's argument at the

guilt/innocence phase. To support this contention, appellant directs this court to the following portions of the State's closing argument.

> Revada is a businessman. He deals in selling dope. He knows it is against the law to have dope on him. He knows he can make a lot of money if he makes a lot of sales. That is exactly what he was doing. He was working that corner. He was working in the traffic coming up and down the road. You see it every time. You see about this stuff on Westheimer and they talk about—

> .    .    .    .    .

> That is his corner. Everybody knows him there. That is his corner. That is where he does his business.

> .    .    .    .    .

> This man jumps off. He wants to sell him something. What do you want? Hey, what do you want? That is what he says to him. He wanted cocaine. Well, that's what he got. You can draw your own conclusions if he had asked for anything else what he would have gotten.

> .    .    .    .    .

■ To be permissible, jury arguments must fall within one of the four general areas: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Landry v. State,* 706 S.W.2d 105, 111 (Tex. Crim.App.1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 242, 93 L.Ed.2d 167 (1986); *Todd v. State,* 598 S.W.2d 286, 296–7 (Tex.Crim. App.1980).

These remarks that appellant complains of made by the State are clearly reasonable deductions from the evidence. Testimony stated that the appellant flagged the officer down, asked the officer what he wanted, admitted that he had no cocaine but volunteered to "score" some cocaine for the officer. The language used by the prosecutor in his closing remarks did not go outside the record but were reasonable deductions from the evidence within the

record. *Landry,* 706 S.W.2d at 111; *Todd,* 598 S.W.2d at 296–7.

■ Assuming arguendo that the State's argument exceeded the bounds of proper jury argument, it is not reversible error unless, in light of the record as a whole, the argument is extreme, manifestly improper, violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceeding. *Mathews v. State,* 635 S.W.2d 532, 539 (Tex.Crim.App. 1982); *see also,* Tex.R.App.P. 81(b). We find no such ground for reversible error in the present case. Appellant's sixth point of error is overruled.

The appellant's seventh and eighth points of error contend that the trial court erred in admitting into evidence testimony relating to the jury extraneous offenses of the appellant in violation of Tex.Code Crim. Proc.Ann. art. 37.07 § 3(a) (Vernon 1988) and his constitutional right of due process.

■ The complained of testimony is as follows:

DeBlanc: "The defendant approached my vehicle and asked me what did I need or what did I want, and I told him I was looking for some 'caine'. I told him. . . ."

Prosecutor: "What did he respond to you when you told him you wanted 'caine'?"

DeBlanc: "He told me he wasn't the person that sold me cocaine a month or two ago, but that he was a set man."

Prosecutor: "When he told you he was a set man, what was he telling you in street language?"

DeBlanc: "A set is a street word that means pentazocine. It is a controlled substance, also, and the defendant stated that he didn't deal with cocaine a lot, but just on a few occasions he would sell to people, but that he sold sets, and later he displayed some sets to me, pentazocine."

Prosecutor: "And have you seen pentazocine sets, on few or MANY occasions?"

DeBlanc: "Many occasions. . . ."

Prosecutor: "And what he showed to you, in your opinion, was it pentazocine?"

DeBlanc: "Yes sir, it was...."

Prosecutor: "AND in your opinion, how many sets did he display to you?"

DeBlanc: "He displayed approximately 25 pentazocine tablets."

This testimony is also admissible to allow the jury to understand the facts and circumstances surrounding the commission of the offense. *Wilkerson,* 736 S.W.2d at 661; *Sifford,* 741 S.W.2d at 441; *Hoffert,* 623 S.W.2d at 144; TEX.R.CRIM.EVID. 404(b).

Furthermore, the appellant cannot now claim that he was surprised by this testimony when the same testimony had been developed in the pre-trial hearing on the appellant's entrapment defense. *Hoffert,* 623 S.W.2d at 145; *see e.g. Gipson v. State,* 619 S.W.2d 169, 170–1 (Tex.Crim. App. [Panel op.] 1981).

We find that the trial court did not abuse its discretion in admitting this testimony into evidence. *Jackson,* 575 S.W.2d at 570. Alternatively, if any error was committed it was harmless. *Smith,* 744 S.W.2d at 94; TEX.R.APP.P. 81(b). Appellant's seventh and eighth points of error are overruled. The judgment of the trial court is affirmed.