**Bruce DICKERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. C14–87–306–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 9, 1989.

Donald W. Rogers, Jr., Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Bruce Dickerson, appeals his judgment of conviction for the felony offense of theft. TEX.PENAL CODE ANN. § 31.03 (Vernon Supp.1989). The jury rejected appellant's "not guilty" plea and found him guilty of theft of property of the value under $750.00 after being previously convicted of two prior thefts. At the punishment phase of the trial, appellant entered a plea of "not true" to the enhancement paragraph of the indictment. The jury found the enhancement allegations to be true and assessed punishment at twenty years confinement in the Texas Department of Corrections.

In his sole point of error, appellant asserts the trial court erred during the punishment phase of the trial by instructing the jury on the application of the parole laws pursuant to Article 37.07, § 4(a) of the Texas Code of Criminal Procedure, which has been held to be unconstitutional. We affirm appellant's conviction and reverse and remand for a new trial on the issue of punishment.

On January 27, 1987, Tammy Yawn, the complainant, was working as a store detective for TJ Max at the North Oaks Mall located at 401 FM 1960 West, Harris County, Texas. Around 8:45 p.m., Ms. Yawn observed appellant, who was wearing a large jacket, and an unidentified female, who was carrying a large purse, "acting suspicious, looking around nervously, fidgety." Appellant removed three dresses, including the hangers, from a rack and concealed them in his pants and jacket. The three dresses had a total value of $119.98. Appellant and the female walked past the service desk and all the registers without making any attempt to pay for the dresses.

Outside the store, Tammy Yawn and Mario Padillo, another detective, approached appellant and his female accomplice, identified themselves, and asked them to return to the store. Appellant and his female accomplice ran, at which time appellant said "here is your stuff" and "let me go." Appellant fell, pulled the three dresses out, and dropped them. Appellant got up, but his pants fell down and interfered with his ability to run. Appellant fell down again but immediately stood up. When Mr. Padillo grabbed him, appellant said he was going to pull out a knife. Mr. Padillo apprehended the appellant approximately 110 feet from the front door of the store. The female accomplice successfully fled the scene in a car driven by an unidentified black male.

Appellant contends the trial court committed error at the punishment phase of

the trial by instructing the jury on the application of the parole laws pursuant to article 37.07, § 4(a) of the Texas Code of Criminal Procedure alleging such instruction to be unconstitutional, mandating reversal.

The Court of Criminal Appeals has held the parole law instruction to be an unconstitutional violation of the separation of powers. *Rose v. State,* 752 S.W.2d 529 at 552 (Tex.Crim.App.1988) (opinion on court's own motion for rehearing). The instruction was, therefore, error. It remains for us to determine whether the error resulted in harm to appellant, employing the standard set out in TEX.R.APP.P. 81(b)(2). *Rose,* 752 S.W.2d at 554. We must reverse unless we determine beyond a reasonable doubt that the giving of the instruction made no contribution to either conviction or punishment.

The factors to be used in applying Rule 81(b)(2) have been stated as: (1) whether a curative instruction was given; (2) whether the facts of the offense militate in favor of the sentence imposed; (3) whether any reference to the parole law was made in closing argument; and (4) whether the defendant had prior felony convictions. *Taylor v. State,* 755 S.W.2d 548, 551 (Tex.App.—Houston [1st Dist.] 1988, no pet.); *Fast v. State,* 755 S.W.2d 515 (Tex.App.—Houston [14th Dist.] 1988, no pet.).

At the punishment stage of the trial, the court read the following parole charge to the jury:

Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the sentence imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out a prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-third of the sentence imposed. Eligibility for parole does not guarantee that parole will be granted.

It cannot be accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which parole law may be applied to this particular defendant.

Also included in the court's charge to the jury was this curative instruction.

You are not to discuss among yourselves how long the accused would be required to serve the sentence that you impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas, and must not be considered by you.

This instruction is substantially the same as the curative instruction found in *Rose v. State* wherein the court stated that it will generally be presumed that a jury followed such an instruction, absent some further showing that the jury did not. *Rose,* 752 S.W.2d at 554.

Appellant was convicted of a second degree felony. The maximum punishment being twenty years confinement and a fine of $10,000. The minimum punishment is a two-year confinement. Punishment was assessed at twenty years, the maximum confinement. The prosecutor argued for the twenty year maximum confinement and the defense argued for no more than four years confinement

In view of the presumption that the jury followed the trial court's curative instruction; given the threatened violence by appellant during his apprehension at the scene of the crime; and considering that the jury was given factual information of appellant's nine prior theft convictions and one felony bail jumping conviction a sentence near the maximum punishment is not an unreasonable jury finding.

Were our inquiry to end here, we would have little trouble affirming appellant's conviction. However, we must also consider the prosecutor's jury argument. The record reveals that no mention was made of parole in the argument at the guilt-innocence stage of trial. At the punishment stage, the prosecutor mentioned the matter of parole to the jury in the following words:

> One thing I would like [to] point out to you right now—and if I don't do a real good job explaining it to you, please ask the foreman to reread this part of the charge. I am afraid sometimes at first blush when the charge is read, the law that's given to you on parole says that the defendant will be eligible for parole after he serves one-third of his sentence. Ladies and gentlemen how it reads is that he will not become eligible for parole until the applicable time served plus good conduct time equals a third. Doesn't say he has to serve a third, it says applicable time and good conduct time equal a third. Let's keep that in mind when you go back there and make your decision."

The prosecutor's argument in this regard was clearly erroneous, inviting the jury to consider the application of the parole law to appellant. *Morris v. State*, 755 S.W.2d 505, 511 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). By doing so, the prosecutor suggested that the jury should ignore the instruction given them by the court to not consider the effect of the operation of the parole law on this particular defendant. The State's argument invited the jury to apply the parole law to this appellant, and we cannot determine beyond a reasonable doubt that the error made no contribution to the punishment imposed.

It is clear the parole law instruction had no effect on appellant's conviction. The conviction is, therefore affirmed. We are unable to reach the some conclusion with regard to his punishment. We will sustain appellant's point of error with respect to the issue of punishment.

Accordingly, the judgment of the trial court on the issue of appellant's guilt is affirmed. The judgment of the trial court as to punishment is reversed and the cause remanded for a new punishment hearing. Tex.Code Crim.Proc.Ann. art. 44.29(b) (Vernon Supp.1989).