**Michael HOAG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–89–401–CR.**

Court of Appeals of Texas, Corpus Christi.

June 22, 1990.

James R. Lawrence, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and BENAVIDES and KEYS, JJ.

## OPINION

BENAVIDES, Justice.

A jury found appellant guilty of possessing cocaine and found that he was a repeat felony offender. It assessed punishment at 25 years' imprisonment. Appellant's sole point of error contests the admissibility of a plastic baggie and its contents, contending they are the fruits of an illegal search. We affirm the trial court's judgment.

As the trier of fact in a motion to suppress hearing, the trial judge determines the credibility of the witnesses and the weight to be given their testimony. *Kelly v. State*, 669 S.W.2d 720, 726 (Tex.Crim. App.1984), *cert. denied*, 469 U.S. 963, 105 S.Ct. 362, 83 L.Ed.2d 298 (1984); *Fast v. State*, 755 S.W.2d 515, 517 (Tex.App.— Houston [14th Dist.] 1988, pet. ref'd). We will not disturb a trial court's ruling on a motion to suppress if the evidence supports it. *Alaniz v. State*, 647 S.W.2d 310, 314 (Tex.App.—Corpus Christi 1982, pet. ref'd).

At the hearing on the motion to suppress, Sgt. Harry Villarreal testified that he and other officers executed a search warrant at a residence. In the warrant, Villarreal had alleged that Ruben Masquifelt possessed cocaine and marihuana and concealed them at that address. Appellant was not named in the warrant. Villarreal testified that one person was in the house when the officers entered, and that during their execution of the warrant, Masquifelt, appellant, and a female arrived.

Sgt. W.G. Bussey, a narcotics investigator, testified that he was assigned to watch the front door for people arriving during the search. Three people came in, Masquifelt first, then appellant, then a female. Appellant walked in with his right hand in his front pocket. Bussey immediately stepped between him and the female, told him to put his beer down, and patted his outer clothing for weapons. At that point, appellant put both hands in the air. When he did so, Officer Hernandez noticed a half inch of a clear plastic baggie protruding from appellant's pocket and pointed it out to Bussey. Bussey knew that narcotics are trafficked or transported in this manner. After he retrieved the baggie, he arrested appellant.

Sgt. Julie Hernandez testified that she was one of the officers executing the search warrant, and when appellant entered, she noticed the corner of a clear plastic baggie, a half inch to an inch, protruding from his blue jean pocket. She said she could see a white substance in it, and that she told Bussey.

At trial, Bussey testified that when appellant came in, he had a beer in his left hand and his right hand was in his pocket. He testified, "I was in danger at that time, because I couldn't see what was in the right hand," and, "one of his hands was in his pocket, so I wanted him to take his hands out of his pocket so I would know what was in that other hand. I'm only threatened when I can't see the person's hand." When patting a person down, he testified, "You have them raise their hands,

usually. That way their hands are in the air. You know where their hands are at. A person can only hurt you with their hands, if they have something in their hands."

Bussey testified that he was behind appellant when conducting the pat down. While appellant was still facing away from him, Hernandez pointed out the packet. Bussey then leaned in front of appellant, saw the packet, and retrieved it.

Appellant asserts that as a non-occupant who was not named in the search warrant, he cannot be searched without probable cause. *See Lippert v. State*, 664 S.W.2d 712, 720 (Tex.Crim.App.1984). He cites *Lippert* and *Ybarra v. Illinois*, 444 U.S. 85, 91–92, 100 S.Ct. 338, 342–43, 62 L.Ed.2d 238 (1979), stating that there was no probable cause to pat him down for weapons. Additionally, he reminds us that a clear plastic bag is not an object that is inherently dangerous, contraband or stolen goods, citing *Brown v. State*, 617 S.W.2d 196, 200 (Tex.Crim.App.1981), *rev'd*, 460 U.S. 730, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983).

Appellant overlooks the fact that the discovery of the contraband was not a fruit of the pat down search, but was seen by Hernandez when he entered and by Bussey when appellant raised his hands in the air. Thus, the State does not need to justify the pat down search. Even though the pat down search may not have been warranted, in this situation, the officer was justified in having appellant take his hand out of his pocket. The direction to raise his hands was not an intrusion on appellant's privacy and was a reasonable safety precaution in this situation.

■ The plain view doctrine can be invoked if the initial intrusion is proper, so the police have a right to be where they are, the evidence is inadvertently discovered, and it is immediately apparent to the police that they have evidence before them. Compliance with the plain view doctrine supplies probable cause. *Snider v. State*, 681 S.W.2d 60, 63 (Tex.Crim.App.1984); *Winslow v. State*, 742 S.W.2d 801, 804 (Tex.App.—Corpus Christi 1987, pet. ref'd).

■ In *Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983), the Supreme Court said that probable cause is a flexible, common-sense standard, and that the evidence must be seen and weighed as understood by those versed in the field of law enforcement. *See Miller v. State*, 667 S.W.2d 773, 777 (Tex.Crim. App.1984). In view of *Texas v. Brown*, it need not be immediately apparent to the officer that a substance is contraband, but that the officer have probable cause for the seizure, that is probable cause to associate the property with criminal activity. *Miller*, 667 S.W.2d at 776.

■ Appellant's position that the clear baggie is not in itself probable cause ignores Hernandez' testimony that she could see a white substance in it. Here, evidence showed that the baggie and its contents were in plain view. Given the information the officers had about narcotic activity at the location, the appearance of the white substance in the baggie, the knowledge that narcotics are transported in that manner, and the appellant's arrival at the location with Masquifelt, we hold that seizure of the baggie was legal.

■ Bussey also testified that he ran a background check on each person at the house, which is normal procedure during execution of a search warrant. Appellant had an outstanding warrant for burglary of the mayor's house, and would have been arrested and booked even if drugs had not been found. Villarreal testified that the arresting officer conducts an initial search of a prisoner at the scene. When the prisoner has been taken to the jail he is taken to the booking desk, where he is allowed to place his property on the desk to be inventoried. Another search is conducted to be sure all of the property has been surrendered.

Searches of a person and the area within his immediate control are excepted from the warrant requirement when incident to lawful arrest. *Rogers v. State*, 774 S.W.2d 247, 264 (Tex.Crim.App.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 519, 107 L.Ed.2d 520 (1989). The baggie would have been lawfully discovered pursuant to the lawful

arrest that would have been made pursuant to the outstanding warrant for appellant. A person booked into a detention facility may be thoroughly searched. *Id.* The doctrine of inevitable discovery applies. *See Miller,* 667 S.W.2d at 777.

We overrule appellant's sole point of error and AFFIRM the trial court's judgment.