In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00147-CR
______________________________


ANTHONY DARNELL WALTON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the Criminal District Court No. 5
Dallas County, Texas
Trial Court No. F02-52964-KL


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Anthony Darnell Walton appeals from his conviction by a jury for aggravated
robbery. The jury assessed his punishment at twenty-five years' imprisonment. Walton
contends the trial court erred by refusing to charge the jury on the lesser included offense
of theft and by failing to admonish him on the effect of his plea of true to the enhancement
used during the punishment phase of trial. 
          The evidence shows Walton was an accomplice in a spoiled robbery of a
convenience store. Ben Williams, brandishing a stockless shotgun (that later proved to be
inoperable), along with Walton, entered a Farm Boy Beverage store and demanded
money. The evidence shows Williams, with his shotgun visible but under a towel, 
approached a register operated by Thang Nguyen and demanded money. Williams also
ordered Octavio Sanluiseno, who was operating a second register, to open his register. 
At the same time, Walton grabbed Sanluiseno from behind, and he also ordered
Sanluiseno to open the register. Williams and Walton took all the money in the cash
registers and fled. As they were fleeing, Sanluiseno pulled a .45 pistol and opened fire on
Williams, hitting him in the leg. Sanluiseno then chased Walton, stopped him, and
returned him (with the money) at gunpoint to the store. There were several witnesses to
the crime and subsequent chase, all of whom identified Walton as one of the perpetrators.
          To determine whether a charge on a lesser included offense should be given, we
apply a two-step test. Mathis v. State, 67 S.W.3d 918, 925 (Tex. Crim. App. 2002); see 
Aguilar v. State, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985); Royster v. State, 622
S.W.2d 442, 444 (Tex. Crim. App. [Panel Op.] 1981) (plurality opinion). The first step is
to decide whether the offense is a lesser included offense of the offense charged. See
Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 1981); Mathis, 67 S.W.3d at 925. The
second step of the test requires us to evaluate the evidence to determine whether there
is some evidence that would permit a jury rationally to find that the defendant is guilty only
of the lesser offense. Mathis, 67 S.W.3d at 925; Wesbrook v. State, 29 S.W.3d 103, 113
(Tex. Crim. App. 2000); Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998). Further,
the evidence must establish the lesser included offense as a valid rational alternative to
the charged offense. Wesbrook, 29 S.W.3d at 113; Arevalo v. State, 943 S.W.2d 887, 889
(Tex. Crim. App. 1997). This means the evidence must allow a jury to rationally conclude
the appellant was guilty only of the lesser offense. Wesbrook, 29 S.W.3d at 113–14. 
          A person commits theft if he or she unlawfully appropriates property with intent to
deprive the owner of property. Tex. Pen. Code Ann. § 31.03(a) (Vernon Supp. 2004). No
threat or use of force is required for the commission of theft. One of the ways a person
commits robbery is by threatening or placing another in fear of imminent bodily injury or
death while in the course of committing theft. Tex. Pen. Code Ann. § 29.02(a)(2) (Vernon
2003). One of the ways a person commits aggravated robbery is by using or exhibiting a
deadly weapon while committing robbery. Tex. Pen. Code Ann. § 29.03(a)(2) (Vernon
2003). Under the facts of this case, there is no doubt that theft is a lesser included offense
of aggravated robbery. See Campbell v. State, 571 S.W.2d 161, 162 (Tex. Crim. App.
1978). The first part of the test is therefore met. 
          The question at bar is whether there is some evidence that would permit a jury
rationally to conclude Walton was guilty only of theft. Walton argues there is evidence he
was unaware Williams had a shotgun until he was leaving the store with the money and
suggests this supports his requested theft charge. He has directed this Court to no
authority to support his contention.
          A person is criminally responsible as a party for an offense committed by another
person if he or she "solicits, encourages, directs, aids, or attempts to aid the other person
to commit the offense." Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon 2003). The indictment
alleges Walton intentionally and knowingly committed the robbery while using and
exhibiting a deadly weapon (a firearm). The Code of Criminal Procedure requires that,
when there is an "affirmative finding" by the fact-finder that, during the offense, "the
defendant used or exhibited [a] deadly weapon or was a party to the offense and knew that
a deadly weapon would be used or exhibited," the trial court must enter that finding in the
judgment, and if the deadly weapon is a firearm, that fact shall also be entered. Tex. Code
Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (Vernon Supp. 2004); Polk v. State, 693 S.W.2d
391, 396 (Tex. Crim. App. 1985). 
          The guilt/innocence charge to the jury defined robbery and aggravated robbery, and
instructed the jury Walton could be found guilty if he had the requisite intent and conduct
under the law of parties. In one application paragraph, the court authorized the jury to find
Walton guilty of aggravated robbery, either acting alone or as a party. In a separate
application paragraph, the court authorized the jury to find Walton guilty of the lesser
offense of robbery, again, either acting alone or as a party. Walton requested a further
instruction on the lesser offense of theft, but did not otherwise object to these instructions
in the court's charge.
          The evidence suggesting Walton did not know Williams had a shotgun was in the
form of testimony by a police detective given during an examining trial and introduced by
the defense as a trial exhibit. The detective testified that, when he talked to Walton, he
stated "he didn't know that the accomplice was -- had a gun." 
          This evidence, however, does not establish the lesser included offense of theft as
a valid rational alternative to the charged offense. It is some evidence supporting a charge
on the lesser offense of robbery, which the trial court properly gave. Sanluiseno testified
that, in the course of the incident, Walton grabbed him from behind and told him to open
the cash register, that he (Sanluiseno) was nervous, that Walton pushed him to get to the
register, that Walton hit the cash register, and that he was afraid he might get shot. 
          Further, there is evidence from multiple witnesses that Williams and Walton entered
the store together and that Williams was brandishing a shotgun. There is evidence from
one witness that the two were walking close together and that he saw Williams pull the
shotgun out of his pants and then flip the towel over the gun as Williams and Walton went
into the store. He also testified that in his opinion Walton was standing where he could see
the weapon. The four witnesses inside the store all testified that Williams and Walton
entered the store together and acted in tandem during the robbery and that the weapon
was clearly visible during the entirety of the robbery. 
          The evidence shows that all of Walton's conduct in the commission of the offense
involved force or the threat of force, and under the law of parties, the jury could reasonably
find, and did find, that Walton used or exhibited a deadly weapon. The evidence therefore
supported the trial court's submission of aggravated robbery and the lesser offense of
robbery. There is no evidence, however, that would allow a jury to rationally find that
Walton was guilty only of the lesser offense of theft. The trial court did not err in denying
Walton's request for submission of the lesser offense of theft. 
          Walton next contends the trial court erred when it did not admonish him about the
effect of his plea of true to the enhancement paragraph during the punishment phase. 
Counsel has provided no authority requiring such an admonishment in the context of a not
guilty plea and trial, and there is no authority indicating otherwise. See Sylvester v. State,
615 S.W.2d 734, 736 (Tex. Crim. App. [Panel Op.] 1981); Brazell v. State, 828 S.W.2d
580, 582–83 (Tex. App.—Austin 1992, pet. ref'd); Revada v. State, 761 S.W.2d 426, 430
(Tex. App.—Houston [14th Dist.] 1988, no pet.). 
 

          We affirm the judgment.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      February 27, 2004
Date Decided:         April 12, 2004

Do Not Publish