**William Robert PARKER, aka Billy Bob Parker, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6-81-121-CR.**

Court of Appeals of Texas, Texarkana.

Nov. 9, 1983.

Rehearing Denied Dec. 20, 1983.

Discretionary Review Refused May 9, 1984.

Dick DeGuerin, Houston, for appellant.

John S. Walker, Center, for appellee.

CORNELIUS, Chief Justice.

William Robert Parker was convicted of murder and sentenced to life imprisonment. He appeals, contending the jury finding that he was competent to stand trial was against the great weight and preponderance of the evidence, the trial court erred in failing to grant a mistrial, the prosecutor made inflammatory remarks, the issue of competency was not properly submitted to the jury, and he was erroneously denied a requested jury charge. We overrule these contentions and affirm the judgment.

Parker was charged with the murder of Shane Caskey. During the trial defense counsel suggested to the trial judge that Parker was suffering from hallucinations and delusions and was not competent to stand trial. The judge declined to abate the trial but held a competency hearing, before a separate jury, after a verdict of guilty was returned but before sentencing. After presentation of testimony from both Parker and the State the jury found that Parker was presently competent and was also competent at the time of the trial on the merits.

■■■ We first must decide if the finding of competency was against the great weight and preponderance of the evidence. A competency hearing is civil in nature, so we apply the civil test and weigh all the evidence to determine if the jury finding was so against the great weight and preponderance of the evidence as to be manifestly unjust. *Ex Parte Watson*, 606 S.W.2d 902 (Tex.Cr.App.1980); *White v. State*, 591 S.W.2d 851 (Tex.Cr.App.1979). When competency is an issue, the burden of proof is on the defendant to prove by a preponderance of the evidence, (*White v. State*, supra; Tex.Code Crim.Proc.Ann. art. 46.02, § 1(b) (Vernon 1979)), that he does not have sufficient ability to consult with his lawyer with a reasonable degree of rational understanding, and that he has no rational or factual understanding of the proceedings against him. *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *Ex Parte Long*, 564 S.W.2d 760 (Tex.Cr.App.1978).

A great amount of evidence was adduced on the question of competency. Both parties produced expert medical witnesses, as well as laymen who knew Parker and who had observed his actions sufficiently to form opinions concerning his competency. The evidence was highly conflicting. Parker's witnesses indicated he had a history of conduct consistent with paranoid schizophrenia, and that he suffered from delusions and a persecution complex. Although his medical witnesses never actually diagnosed Parker as having schizophrenia at the times in question, they testified that on earlier psychological tests he scored similarly to people tending to have that malady. The State's evidence tended to show that Parker was not psychotic but was malingering, and that he was sufficiently competent to understand the proceedings against him and consult with his lawyer in presenting his defense. A State medical witness testified that a person can suffer from schizophrenia and still be legally competent to stand trial. There was also evidence that Parker had a history of using hallucinogenic drugs which could account for his delusions.

■■■ It is the jurors' province to determine the credibility of the witnesses and the weight to be given their testimony. *Ex Parte Harris*, 618 S.W.2d 369 (Tex.Cr.App. 1981); *Ex Parte Watson*, supra. They may accept or reject any evidence and may believe lay testimony over that of medical experts. *White v. Estelle*, 669 F.2d 973 (5th Cir.1982). Considering the abundance of conflicting testimony here we cannot say the finding of competency is against the great weight and preponderance of the evidence.

■■■ Parker also contends the trial court erred in refusing to grant a mistrial when faced with evidence of incompetency. Tex. Code Crim.Proc.Ann. art. 46.02, § 4(c) (Vernon 1979) provides that a mistrial shall be granted if the defendant is found incompetent at a hearing. Parker was found to have been competent at the time of the trial. There was no error.

During the competency hearing the prosecutor asked a witness: "Doctor, one who has been, assume this to be true, just convicted of murder, with a substantial punishment would ..", at which time defense counsel objected. Parker argues such a question was inflammatory and prejudiced the jury to the extent that a reversal is required.

 The guilt or innocence of the defendant is not in issue at the competency hearing. It is improper to offer evidence of the offense itself or to suggest that the defendant should be found competent because of the seriousness of the crime. *Callaway v. State*, 594 S.W.2d 440 (Tex.Cr.App.1980); *Ex Parte Hagans*, 558 S.W.2d 457 (Tex.Cr.App.1977). But not every mention of the crime will be prejudicial. The statement must be so inflammatory and misleading that it prevents a fair determination of the question of competency and denies the defendant due process of law. *Brandon v. State*, 599 S.W.2d 567 (Tex.Cr.App.1979), *vacated on other grounds*, 453 U.S. 902, 101 S.Ct. 3134, 69 L.Ed.2d 988 (1981); *Callaway v. State*, supra. In this case there was considerable evidence before the jury, without objection, showing that Parker had been charged with and tried for murdering his brother-in-law. Under the circumstances, we do not find the question so inflammatory as to prejudice the jury, particularly in light of the fact that an objection to it was sustained and the jury instructed to disregard it.

 The trial court submitted, over Parker's objection, an issue asking if the jury found:

> by a preponderance of the evidence that the defendant, William Robert Parker, was incompetent during February 23, 1981 through March 5, 1981, to stand trial for the offense charged against him?

and if they found:

> by a preponderance of the evidence that the defendant, William Robert Parker, is presently incompetent to stand trial for the offense charged against him?

The jury answered "No" to both questions. Parker contends the court erred in refusing to limit the issue to present incompetency. See Tex.Code Crim.Proc.Ann. art. 46.02. It is proper to submit a charge inquiring whether the defendant was incompetent at the time he stood trial. *Brandon v. State*, supra; *Caballero v. State*, 587 S.W.2d 741 (Tex.Cr.App.1979). We can perceive no harm to Parker as a result of the form used. The jury answered "No" to both questions, and there is no showing it was misled to Parker's prejudice.

 The trial court refused Parker's requested issue, in conjunction with his claim of self-defense, on his right to strike first rather than wait for the deceased to strike the first blow. It is unnecessary to charge on the right to strike first when the jury has been instructed on self-defense. *De La Cruz v. State*, 490 S.W.2d 839 (Tex.Cr.App. 1973).

We find no reversible error. The judgment is affirmed.