Kimsey v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-018-CR
No. 10-91-019-CR

        MAURICE KIMSEY,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

 From the 54th District Court
McLennan County, Texas
Trial Court # 90-580-C
& # 90-581-C
                                                                                                                
                                                                     
O P I N I O N
                                                                                                     

          Appellant was convicted of two aggravated robberies. See Tex. Penal Code Ann. §
29.03 (Vernon 1989). Prior to trial, a hearing was held on Appellant's competency to stand trial. 
Following the jury's verdict that Appellant was competent, he entered pleas of nolo contendere. 
A jury having been waived, punishment was then assessed by the court at life in prison. Appellant
timely filed a motion for a new trial which was denied. Appellant takes this appeal from the
judgments and sentences imposed by the court. On appeal, he complains that the court erred at
the competency hearing when it (1) denied his motion for a continuance and failed to grant his
motion for a new trial, where an expert witness for Appellant was unable to testify, (2) failed to
grant a mistrial after the State referred to the facts of the offense, and (3) found that there was
sufficient evidence to find him competent to stand trial. We will overrule all points and affirm. 
          In point one, Appellant asserts that the court abused its discretion when it denied his
motion for a continuance and failed to grant his motion for a new competency hearing. His expert
witness, Dr. Coxe, had a long and lengthy association with him. He had examined Appellant on
a number of occasions in connection with past legal proceedings. He had consistently found that
Appellant suffered from paranoid schizophrenia and, as a result, was incompetent to stand trial. 
The court appointed Dr. Coxe to examine Appellant and give an opinion regarding Appellant's
competency. Dr. Coxe, who practices in Beaumont, was scheduled to examine Appellant on the
date of trial but was unable to do so due to scheduling difficulties. Appellant's motion for a
continuance was denied. His later motion for a new competency hearing was also denied. 
Appellant argues that the trial court abused its discretion.
          An appellate court will not set aside the action of the trial court in refusing a new trial on
the ground of a denial of a continuance unless it appears that the court abused its discretion. 
Smith v. State, 721 S.W.2d 844, 850 (Tex. Crim. App. 1986). Although Dr. Coxe was unable
to testify, records dealing with his past evaluations and opinions of Appellant's mental health were
admitted into evidence without objection. In addition, Appellant's medical records containing
diagnoses and opinions of Dr. Coxe were introduced into evidence at the competency trial and
made available to the jury. In light of these facts, we find that the court did not abuse its
discretion when it refused to grant a new competency hearing based on the denial of the motion
for continuance. See id. Consequently, we overrule point one. 
          In point two, Appellant complains that the court erred in failing to grant a mistrial after the
State made repeated references to the facts of the offense for which he was indicted. At a
competency hearing, it is improper to offer evidence of the offense itself or to suggest that the
defendant should be found competent because of the seriousness of the crime. Parker v. State, 667
S.W.2d 185, 188 (Tex. App.—Texarkana 1983, pet. ref'd), cert. denied, 469 U.S. 1085, 105
S.Ct. 590, 83 L.Ed.2d 699 (1984). However, not every mention of the crime will be prejudicial. 
Id. The statement must be so inflammatory and misleading that it prevents a fair determination
of the question of competency and denies the defendant due process of law. Id. Appellant
complains about the State's eliciting testimony that he was charged with aggravated robbery. This
testimony was, however, introduced without objection. Objections to the introduction of evidence
are to be made at the time the evidence is offered. Wilson v. State, 511 S.W.2d 531, 532 (Tex.
Crim. App. 1974). If no timely objection is made to the testimony, then nothing is presented for
review. Verret v. State, 470 S.W.2d 883, 886 (Tex. Crim. App. 1971); Tex. R. App. P. 52(a). 
          Appellant also complains that the State introduced evidence of the facts of the crime when
it offered testimony that his fingerprints were found in the car used in the crime. The court
sustained Appellant's objection to the testimony and instructed the jury to disregard it. The
instruction was curative. See Revada v. State, 761 S.W.2d 426, 428 (Tex. App.—Houston [14th
Dist.] 1988, no pet.). However, the State subsequently introduced virtually the same testimony
without objection. Appellant's failure to object to the admission of testimony after identical
testimony had been ruled inadmissible waived any complaint. See id.; Tex. R. App. P. 52(a). 
Under the circumstances, we find that the statements were not so inflammatory and misleading that
they prevented a fair determination of the question of competency and denied the Appellant due
process of law. See Parker, 667 S.W.2d at 188. We overrule point two. 
          Appellant complains in point three that the evidence was insufficient to support a finding
that he was competent to stand trial. A person is incompetent to stand trial if he does not have (1)
sufficient present ability to consult with his lawyer with a reasonable degree of rational
understanding or (2) a rational as well as factual understanding of the proceedings against him. 
Tex. Code. Crim. Proc. Ann. art. 46.02 (Vernon 1979). A defendant is presumed competent
to stand trial and shall be found competent to stand trial unless proved incompetent by a
preponderance of the evidence. Id. The jury determines the credibility of the witnesses and the
weight to be given their testimony at a competency hearing. Parker, 667 S.W.2d at 187. The
standard of review on appeal is whether, after considering all the evidence relevant to the issue
at hand, the judgment is so against the great weight and preponderance of the evidence so as to
be manifestly unjust. Meraz v. State, 785 S.W.2d 146, 155 (Tex. Crim. App. 1990). 
          Appellant called two witnesses who testified that he had a rational as well as a factual
understanding of the proceedings against him. However, they both concluded that he was
incompetent because he lacked a sufficient present ability to consult with his lawyer with a
reasonable degree of rational understanding. The State called two witnesses who testified that
Appellant was malingering to avoid punishment and was competent to stand trial. 
          We find that the verdict of competency is not so against the great weight and
preponderance of the evidence as to be manifestly unjust. See id. Point three is overruled. 
          We affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 22, 1992
Do not publish