IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-06-00239-CV

 

In
re Carl Long

 

 



Original Proceeding

 



ORDER



 

On this day, the Court considered Relator
Carl Long’s “Application” (Petition) for Mandamus.  The suit below is a proposed
civil action by Long against Elaine and Jorja Stout, the Real-Parties-in-Interest. 
Long makes the serious allegation that Respondent, the Honorable John H.
Jackson, Judge of the 13th District Court, has ordered the District Clerk not
to “accept” Long’s suit against the Stouts for filing.  Long alleges that he is
being deprived of his constitutional right of access to the courts (see Tex. Const. art. I, § 13) and that he
has no adequate remedy by appeal.

The district clerk has a ministerial
duty to accept and file all pleadings presented for filing.  In re Bernard,
993 S.W.2d 453, 454 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding)
(O’Connor, J., concurring); see also DeLeon v. District Clerk, 187
S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceeding).  But, a court of appeals has no jurisdiction to issue a writ of mandamus
against a district clerk.  See Tex.
Gov’t Code Ann. § 22.221(b) (Vernon 2004); In re Bernard, 993 S.W.2d at 454.  The district court
has the power to issue writs to enforce its jurisdiction.  See Tex. Gov’t Code Ann. § 24.011 (Vernon 2004); In re Bernard,
993 S.W.2d at 454 (O’Connor, J., concurring) (“When a district clerk refuses to accept a pleading presented for
filing, the party presenting the document may seek relief by filing an application
for writ of mandamus in the district court.”).  

A court of appeals may issue writs of mandamus against a judge of
a district or county court in the court of appeals district or a judge of a
district court who is acting as a magistrate at a court of inquiry.  Tex. Gov’t Code Ann. § 22.221(b)
(Vernon 2004).  In
this proceeding, Long alleges that it is the trial court who is “ordering” the
district clerk not to file his suit.  See In re Bernard, 993
S.W.2d at 454 (O’Connor, J., concurring) (“When a district
clerk refuses to accept a pleading for filing, the party should attempt to file
the pleading directly with the district judge, explaining in a verified motion
that the clerk refused to accept the pleading for filing.  Tex. R. Civ. P. 74.  Should the
district judge refuse to accept the pleading for filing, this Court would have
jurisdiction under our mandamus power to direct the district judge to file the
pleading.”).  

When a district clerk refuses to file a
lawsuit, we have no jurisdiction because there is no appealable order, and the
litigant thus has no adequate remedy by appeal.  See Long v.
Phillips, No. 10-04-109-CV, 2004 WL 1574625 (Tex. App.—Waco July 7, 2004,
no pet.); Simpson v. Sehorn, No. 10-03-215-CV, 2003 WL 23121314 (Tex. App.—Waco Dec. 31, 2003, no pet.).

The Court requests a response to Long’s
application (petition) from Respondent.  See Tex. R. App. P. 52.4.  The response shall be filed with the
Clerk no later than 5:00 o’clock p.m. on October 11, 2006.

 

 

PER CURIAM

 

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

(Chief Justice Gray dissenting)

Response
requested

Order
issued and filed September 27, 2006








 






r to offer evidence of the offense itself or to suggest that the
defendant should be found competent because of the seriousness of the crime. Parker v. State, 667
S.W.2d 185, 188 (Tex. App.—Texarkana 1983, pet. ref'd), cert. denied, 469 U.S. 1085, 105
S.Ct. 590, 83 L.Ed.2d 699 (1984). However, not every mention of the crime will be prejudicial. 
Id. The statement must be so inflammatory and misleading that it prevents a fair determination
of the question of competency and denies the defendant due process of law. Id. Appellant
complains about the State's eliciting testimony that he was charged with aggravated robbery. This
testimony was, however, introduced without objection. Objections to the introduction of evidence
are to be made at the time the evidence is offered. Wilson v. State, 511 S.W.2d 531, 532 (Tex.
Crim. App. 1974). If no timely objection is made to the testimony, then nothing is presented for
review. Verret v. State, 470 S.W.2d 883, 886 (Tex. Crim. App. 1971); Tex. R. App. P. 52(a). 
          Appellant also complains that the State introduced evidence of the facts of the crime when
it offered testimony that his fingerprints were found in the car used in the crime. The court
sustained Appellant's objection to the testimony and instructed the jury to disregard it. The
instruction was curative. See Revada v. State, 761 S.W.2d 426, 428 (Tex. App.—Houston [14th
Dist.] 1988, no pet.). However, the State subsequently introduced virtually the same testimony
without objection. Appellant's failure to object to the admission of testimony after identical
testimony had been ruled inadmissible waived any complaint. See id.; Tex. R. App. P. 52(a). 
Under the circumstances, we find that the statements were not so inflammatory and misleading that
they prevented a fair determination of the question of competency and denied the Appellant due
process of law. See Parker, 667 S.W.2d at 188. We overrule point two. 
          Appellant complains in point three that the evidence was insufficient to support a finding
that he was competent to stand trial. A person is incompetent to stand trial if he does not have (1)
sufficient present ability to consult with his lawyer with a reasonable degree of rational
understanding or (2) a rational as well as factual understanding of the proceedings against him. 
Tex. Code. Crim. Proc. Ann. art. 46.02 (Vernon 1979). A defendant is presumed competent
to stand trial and shall be found competent to stand trial unless proved incompetent by a
preponderance of the evidence. Id. The jury determines the credibility of the witnesses and the
weight to be given their testimony at a competency hearing. Parker, 667 S.W.2d at 187. The
standard of review on appeal is whether, after considering all the evidence relevant to the issue
at hand, the judgment is so against the great weight and preponderance of the evidence so as to
be manifestly unjust. Meraz v. State, 785 S.W.2d 146, 155 (Tex. Crim. App. 1990). 
          Appellant called two witnesses who testified that he had a rational as well as a factual
understanding of the proceedings against him. However, they both concluded that he was
incompetent because he lacked a sufficient present ability to consult with his lawyer with a
reasonable degree of rational understanding. The State called two witnesses who testified that
Appellant was malingering to avoid punishment and was competent to stand trial. 
          We find that the verdict of competency is not so against the great weight and
preponderance of the evidence as to be manifestly unjust. See id. Point three is overruled. 
          We affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 22, 1992
Do not publish