

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00058-CR

WILLIAM ROBERT PARKER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 13,122

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

William Robert Parker was convicted of murder by a Panola County jury in 1981 and was sentenced to life in prison. His conviction and sentence were affirmed on direct appeal. *Parker v. State*, 667 S.W.2d 185 (Tex. App.—Texarkana, 1983, pet. ref'd). On October 1, 2014, thirty-three years later, Parker filed a motion in the trial court for an out-of-time new trial. Then, on January 16, 2015, Parker filed a second motion for an out-of-time new trial. On March 18, 2015, the trial court entered an order essentially finding that it was without jurisdiction to rule on Parker's motions seeking a new trial. On April 16, 2015, Parker filed a notice of appeal from the trial court's March 18 order denying Parker's motions for an out-of-time new trial. Because the trial court's order from which Parker attempts to appeal is a non-appealable order, we are without jurisdiction to hear this appeal.

In the State of Texas, a party may only appeal when the Texas Legislature has authorized an appeal. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981). When the Legislature passes such legislation, in addition to granting its citizens a right of appeal, it also grants the appellate courts of this State jurisdiction to hear such appeals. In the absence of such authorizing legislation, appellate courts are without jurisdiction and have no authority to act.

Generally speaking, in the criminal context, the Texas Legislature has only authorized appeals by criminal defendants from written judgments of conviction. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). There are a few very limited exceptions to this general rule, *see Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.), but the trial court's March 18 order

denying Parker's out-of-time motion for a new trial does not fall within one of those exceptions. *See generally Ex parte Apolinar*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Wright*, 969 S.W.2d at 589; *see also Williams v. State*, No. 05-08-00983-CR, 2008 WL 2971990, at *1 (Tex. App.—Dallas Aug. 5, 2008, no pet.) (mem. op., not designated for publication) ("An order denying a motion for an out-of-time new trial is not an appealable order.").[1] Consequently, we are without jurisdiction over this appeal.

By letter dated May 28, 2015, we notified Parker of the potential defect in our jurisdiction and afforded him an opportunity to respond. In his response, Parker cited *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) in support of his contention that this Court has jurisdiction to hear his appeal of the trial court's March 18 order. In *Martinez*, the United States Supreme Court addressed the issue of whether the doctrine of procedural default barred a federal district court from considering an ineffective assistance of trial counsel claim when the default was caused by the error of appointed collateral review counsel. *Id*. *Martinez* is not helpful to Parker's position.

In light of the foregoing, we dismiss this appeal for want of jurisdiction.


Ralph K. Burgess
Justice


Date Submitted:    June 15 2015
Date Decided:      June 16, 2015

Do Not Publish

---

[1]Although unpublished cases have no precedential value, we may take guidance from them "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

3