Affirmed and Memorandum Opinion filed August 19, 2008








Affirmed and Memorandum Opinion filed August 19, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00093-CR

____________

 

DAVID SIDWELL JENSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 6

Harris County, Texas

Trial Court Cause No. 1402367

 



 

M E M O R A N D U M   O P I N I O N








Appellant, David Sidwell Jenson, was indicted on the
misdemeanor offense of indecent exposure.  The jury returned a guilty verdict,
and the trial court sentenced appellant to 180 days= confinement in
the Harris County Jail and a $2,000 fine, but suspended the sentence and placed
appellant on community supervision for two years.  Appellant retained new
counsel, and thereafter filed a motion in arrest of judgment and a motion for
new trial.  After an evidentiary hearing, the trial court denied both motions. 
In four issues, appellant challenges the legal and factual sufficiency of the evidence supporting
his conviction, and  the trial court=s
denial of his motion for new trial and his motion in arrest of judgment.  We
affirm.

Factual and Procedural Background

On September 11, 2006, Officers Daniel Leal and
Matthew Dexter of the Houston Police Department were working undercover as vice
officers on a public indecency investigation in Memorial Park.  According to
Officer Leal=s testimony, he and Officer
Dexter were driving around the circular drive in the park in separate, unmarked
vehicles.  At approximately 2:00 p.m., Officer Leal noticed that a silver Volvo
sedan was following him, Aturning
the same way as [he] was turning.@ 
Observing this, Officer Leal turned into a nearby parking lot and parked his
vehicle.

Appellant, driving the silver Volvo sedan,
followed Officer Leal into the parking lot, and parked his vehicle next to
Officer Leal=s.  Officer Leal made eye
contact with appellant, who then began to grab and massage his genital area. 
Officer Leal testified that appellant continued to massage his genital area for
two to three minutes while maintaining eye contact with Officer Leal, at which
time appellant got out of the Volvo, approached the driver=s-side window of Officer Leal=s
vehicle, and asked Officer Leal if he wanted to sit in appellant=s car.  Officer Leal declined, and indicated that he would
rather go into the wooded area next to the parking lot.  Appellant agreed, and
the two then walked approximately fifteen to twenty feet into the wooded area. 


Once there, appellant began to massage Officer
Leal=s chest over his t-shirt, and then pulled up Officer Leal=s shirt, exposing his abdomen.  Officer Leal testified that
appellant then stopped massaging Officer Leal=s
chest and started undoing his own pants, but quickly stopped when he saw two
men on one of the nearby walking trails.  Appellant then zipped up his pants
and started tucking in his shirt.  Officer Leal then suggested that the two
walk over to a set of nearby public restrooms, and appellant agreed.  








Once outside the restrooms, appellant began
massaging his genitals, and stated, AI don=t think I can get hard.@ 
Appellant then pointed to Officer Leal=s
genitals and stated, ALet me
see,@ to which Officer Leal responded, AYou let me see.@ 
Appellant then unzipped his pants and pulled down his underwear past his
testicles.  Officer Leal testified that, at this point, he could see appellant=s penis, pubic hair, and testicles.  Appellant then began
to grab his penis and pull it out further with his hand.  Officer Leal then
pulled out his badge, identified himself as a Houston police officer, and
arrested appellant.

On September 12, 2006, an information was filed
against appellant for the misdemeanor offense of indecent exposure.  He pleaded
Anot guilty,@ and
retained an attorney to defend him at trial. The jury returned a Aguilty@
verdict, and the trial court sentenced appellant to 180 days= confinement in the Harris County Jail and a $2,000 fine,
but suspended the sentence and placed appellant on community supervision for
two years.  After sentencing, appellant filed a motion to substitute a
different attorney as his lawyer of record, which the trial court granted.

Appellant then filed a motion in arrest of
judgment and a motion for new trial.  In his motion in arrest of judgment,
appellant contended that the information was substantively defective because
the State failed to allege, with reasonable certainty, the act or acts relied
upon to constitute recklessness.  Pursuant to Texas Rule of Appellate Procedure
22, appellant argued that the trial court should arrest the judgment due to
this defect in the information.  In his motion for new trial, appellant
asserted that the evidence in support of the jury=s
verdict is legally and factually insufficient to support the statutory elements
of intent and recklessness.  Appellant further contended that his trial
attorney  rendered ineffective assistance by, among other things, failing to
file a motion to quash the informationCwhich
contained the substantive defectCand by
opening the door to the State=s
elicitation of testimony from Officer Leal Aconcerning
prior indecency investigations in the woods of a park.@








The trial court held an evidentiary hearing on
both motions.  At the hearing, appellant further asserted that his trial
attorney rendered ineffective assistance by failing to discover or adduce
evidence of the size of appellant=s Aabnormally small@
penis, and presented the testimony of Dr. Robert Cornell, a board-certified
adult urologist, regarding appellant=s
penis size.  Appellant and his trial attorney also testified at the hearing. 
The trial court denied both motions.  This appeal followed.

Issues on Appeal

In four issues, appellant challenges the legal
and factual sufficiency of the evidence supporting his conviction, and the
trial court=s denial of his motion for new
trial and his motion in arrest of judgment.  In his first and second issues,
appellant contends that the evidence is legally and factually insufficient to
prove (1) that he intended to arouse or gratify his sexual desire; or (2) that
he was reckless about whether another person was present who would be offended
and alarmed by his act.  In his third issue, appellant asserts that, because
his trial attorney (1) failed to quash the information, which allegedly
contained a substantive defect; (2) failed to discover or adduce evidence
regarding the size of appellant=s
flaccid penis, whichCaccording
to appellantCis only 2.8 inches long and Ahalf the normal size@; and
(3) opened the door to the elicitation of testimony by the State regarding
prior indecency investigations in Memorial Park, the trial court abused its
discretion in denying appellant=s
motion for new trial based on the ineffective assistance of counsel.  In his
final issue, appellant argues that, because the information was substantively
defective and therefore subject to a motion to quash, the trial court erred in
denying his motion in arrest of judgment. 

Analysis of Appellant=s
Issues

I.        The
Evidence Supporting Appellant=s
Conviction is Legally and Factually Sufficient.








In his first and second issues, appellant
contends that the evidence is legally and factually insufficient to prove (1)
that he intended to arouse or gratify his sexual desire; or (2) that he was
reckless about whether another person was present who would be offended and
alarmed by his act.  We disagree with appellant that the evidence is legally
and factually insufficient to prove these elements of the charged offense.

A.      Standards
of Review and Applicable Law

When reviewing challenges to both the legal and
factual sufficiency of the evidence supporting the verdict, we first review the
legal sufficiency challenge. See Clewis v. State, 922 S.W.2d 126, 133
(Tex. Crim. App. 1996).  In reviewing the legal sufficiency of the evidence, we
look at the evidence in the light most favorable to the verdict and determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S.
307, 319 (1979); Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App.
2002).  This standard of review applies to cases involving both direct and
circumstantial evidence. King v. State, 895 S.W.2d 701, 703 (Tex. Crim.
App. 1995).  Although we consider all evidence presented at trial, we may not
re-weigh the evidence and substitute our judgment for that of the jury. King
v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).  The jury is the
exclusive judge of the credibility of witnesses and of the weight to be given
their testimony, and it is the exclusive province of the jury to reconcile
conflicts in the evidence. Mosley v. State, 983 S.W.2d 249, 254 (Tex.
Crim. App. 1998).








In reviewing the factual sufficiency of the
evidence, we view all of the evidence in a neutral light. See Cain v. State,
958 S.W.2d 404, 408 (Tex. Crim. App. 1997); Clewis, 922 S.W.2d at 134. 
We may set the verdict aside if (1) the evidence is so weak that the verdict is
clearly wrong and manifestly unjust; or (2) the verdict is against the great
weight and preponderance of the evidence. Watson v. State, 204 S.W.3d
404, 414B15 (Tex. Crim. App. 2006) (citing Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000)).  While we may disagree with the jury=s conclusions, we must exercise appropriate deference to
avoid substituting our judgment for that of the jury, particularly in matters
of credibility. Drichas v. State, 175 S.W.3d 795, 799 (Tex. Crim. App.
2005); see also Watson, 204 S.W.3d at 414 (stating that an appellate
court should not reverse a verdict it disagrees with unless it represents a
manifest injustice, though supported by legally sufficient evidence).  Thus,
while we are permitted to substitute our judgment for that of the jury when
considering credibility and weight determinations, we may do so only to a very
limited degree. Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App.
2006).

A person commits the offense of indecent
exposure Aif he exposes his anus or any
part of his genitals with intent to arouse or gratify the sexual desire of any
person, and he is reckless about whether another is present who will be
offended or alarmed by his act.@ Tex. Penal Code _
21.08.  With the essential elements of the offense in mind, we now turn to
appellant=s specific arguments.

B.      Appellant=s Specific Challenges to the Sufficiency of the
Evidence

1.       Intent
to Arouse or Gratify Appellant=s
Sexual Desire

First, appellant contends that the evidence is
legally and factually insufficient to prove that he intended to arouse or
gratify his sexual desire.[1]   

a.       Legal
Sufficiency

With respect to his legal sufficiency
challenge, appellant asserts that Officer Leal never testified that appellant
actually masturbated, was erect, or was aroused in any way.  Appellant argues
that, at most, Officer Leal=s
testimony establishes that appellant held his genitals in his hand, and
therefore no evidence exists that would have allowed a rational trier of fact
to find beyond a reasonable doubt that appellant intended to arouse or gratify
himself.








Conversely, the State argues that the evidence
is legally sufficient to show that appellant intended to gratify his sexual
desire, and asserts that appellant=s
comment, AI don=t think I can get hard,@
demonstrates that appellant was, in fact, attempting to become aroused.  The
State further asserts that appellant began to massage his genitals immediately
after making eye contact with Officer Leal, and later massaged Officer Leal=s chest and exposed himself, and argues that it was
therefore rational for the jury to infer that appellant intended to gratify his
own sexual desire.








As a preliminary matter, while we agree with
appellant that Officer Leal never testified that appellant=s penis was erect, the State was not required to prove that
appellant was actually aroused or that appellant actually gratified his sexual
desire. See Tex. Penal Code _ 21.08. 
Rather, under the language of section 21.08 and the allegations made within the
information, the State was merely required to prove that appellant exposed his
penis to Officer Leal with the intent to arouse and gratify appellant=s sexual desire. See id.; Shamam v. State, C S.W.3d C , No.
07-06-0213-CR, 2007 WL 2349689, at *5 (Tex. App.CAmarillo
Aug. 17, 2007, no pet.) (rejecting appellant=s
argument that there was no express evidence that either he or the complainant
were aroused or gratified by appellant=s
indecent exposure, because Athe
offense requires that the exposure occurs with intent to arouse or
gratify the sexual desire of any person@)
(emphasis in original); see also Gregory v. State, 56 S.W.3d 164, 171
(Tex. App.CHouston [14th Dist.] 2001,
pet. dism=d) (rejecting appellant=s argument in prosecution for indecency with a child that
there was no evidence that appellant=s
penis was ever erect, that appellant masturbated or that he ejaculated during
any of the encounters with the complainants, because the intent element of the
offense did not require the State to prove that the Amale offender=s
penis be erect@).[2] 
Furthermore, it is well-established that the requisite specific intent to
arouse or gratify sexual desire can be inferred from the conduct of, remarks
by, and circumstances surrounding the acts engaged in by an accused.  See
Martins v. State, 52 S.W.3d 459, 474 (Tex. App.CCorpus Christi 2001, no pet.) (citing Turner v. State,
600 S.W.2d 927, 929 (Tex. Crim. App. 1980)); see also Claycomb v. State,
988 S.W.2d 922, 925 (Tex. App.CTexarkana
1999, pet. ref=d) (citing McKenzie v.
State, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981)).  

Viewing the evidence in the light most
favorable to the jury verdict, we find that a rational trier of facts could
have found beyond a reasonable doubt that appellant intended to arouse or
gratify his sexual desire.  In that light, the evidence establishes that
immediately before appellant exposed his penis to Officer Leal, appellant (1)
massaged his own genitals; (2) communicated his belief to Officer Leal that he could
not get Ahard@; and
(3) requested to see Officer Leal=s
genitals.  This evidence is legally sufficient to support the finding of intent
to arouse or gratify appellant=s
sexual desire. See Martins, 52 S.W.3d at 474B75 (finding evidence legally sufficient to support finding
of intent to arouse or gratify where the appellant exposed himself to the
victim and invited her to give him Alittle
kisses@ while pointing to his exposed penis); Barker v. State,
931 S.W.2d 344, 347 (Tex. App.CFort
Worth 1996, pet. ref=d)
(finding evidence legally sufficient to support conviction for indecency with a
child where the appellant exposed his penis to two girls in front of school); see
also Claycomb, 988 S.W.2d at 926 (finding evidence legally sufficient to
support finding of intent to arouse or gratify where the appellant exposed his
erect penis and made eye contact with woman and daughter who walked by).

b.       Factual
Sufficiency

With respect to his factual sufficiency
challenge, appellant asserts that the contrary evidence at trialCnamely, Officer Leal=s
testimony that appellant=s
penis was not erect, and appellant=s
denial of the allegations that he exposed his genitals to Officer Leal, or that
he was aroused or gratifiedCrenders
the verdict clearly wrong or manifestly unjust, or against the great weight and
preponderance of the evidence.  








The State contends that the evidence is
factually sufficient to support the verdict, despite conflicts in the
testimony.  The State asserts that the evidence supporting the verdict is not
so weak to justify the finding of guilt beyond a reasonable doubt, because
Officer Leal=s testimony established that
appellant followed him into the parking lot at Memorial Park, made eye contact
with him, and exposed himself near the public restrooms.  The State further
asserts that the contrary evidence was not so overwhelming to preclude a
finding of guilt, because appellant=s testimony
regarding the sequence of events that led himself and Officer Leal to the
public restroom area where the exposure occurred was Adubious at best,@ and
the jury was therefore entitled to disregard that testimony, and was rationally
justified in convicting appellant.

Viewing the evidence in a neutral light, we
find that the evidence is factually sufficient to support a finding of intent
to arouse or gratify appellant=s
sexual desire.  Although appellant denied (1) massaging his genitals after
parking next to Officer Leal=s
vehicle; (2) massaging Officer Leal=s
chest over his t-shirt, or initiating physical contact with Officer Leal in any
way; (3) pulling up Officer Leal=s
shirt to expose his abdomen; (4) stating, AI don=t think I can get hard@; (5)
requesting to see Officer Leal=s
genitals; or (6) exposing his penis or testicles to Officer Leal, there was
also testimony that appellant  massaged his own genitals,  indicated his belief
that he could not get Ahard,@ requested to see Officer Leal=s genitals, and exposed his penis to Officer Leal.  The
juryCas the trier of factCis the
sole judge of the credibility of the witnesses, and we must exercise
appropriate deference to the jury=s
credibility determinations. See Santellan v. State, 939 S.W.2d 155, 164
(Tex. Crim. App. 1997); Prince v. State, 192 S.W.3d 49, 60B61 (Tex. App.CHouston
[14th Dist.] 2006, pet. ref=d). 
The jury was entitled to disbelieve appellant=s
testimony and believe that appellant exposed himself to Officer Leal with the
intent to gratify his own sexual desire. See Young v. State, 976 S.W.2d
771, 774B75 (Tex. App.CHouston
[1st Dist.] 1998, pet. ref=d).








Therefore, we conclude the evidence that
appellant exposed his penis to Officer Leal with the intent to gratify
appellant=s sexual desire is not so weak
that the verdict is clearly wrong and manifestly unjust.  We further conclude
that the jury=s verdict was not against the
great weight and preponderance of the contrary evidence at trial.  Thus, we
hold that the evidence is factually sufficient to establish the intent element
of the charged offense. 

2.       Reckless
About Whether Another Person Who Would Be Offended and Alarmed By His Act Was
Present

Next, appellant contends that the evidence is
legally and factually insufficient to prove that he was reckless about whether
another person who would be offended and alarmed by his act was present.  

a.       Legal
Sufficiency

With respect to his legal sufficiency
challenge, appellant asserts that only Officer Leal was present during the
alleged exposure, and that Officer Leal=s
testimonyCthat he was offended because
he was married with a childClacked
any credibility because Officer Leal had worked undercover in vice for at least
a year and a half.  Appellant therefore argues no evidence credibly showed that
appellant was reckless about whether another person was present who would be
offended and alarmed.

Conversely, even though section 21.08 does not
require that a defendant actually offend another person, the State contends
that Officer Leal was present when appellant exposed his penis and was actually
offended by appellant=s
actions.  The State further contends that under section 21.08, the court should
employ an objective standard to determine whether the defendant acted
recklessly.  The State further argues that under the circumstances, when viewed
from appellant=s standpoint, there was a
substantial risk someone would witness appellant=s
actions when he exposed himself to another man near the public restrooms at
Memorial Park.








Viewing the evidence in the light most
favorable to the jury verdict, we find a rational trier of facts could have
found beyond a reasonable doubt that appellant was reckless about whether
another was present who would be offended or alarmed by his act.  Appellant
misses the point by arguing that Officer Leal was not or could not be offended
by appellant=s alleged indecent exposure
because Officer Leal is an undercover vice officer.  The statute does not
require that appellant offend Officer Leal. See Tex. Penal Code _
21.08; Hefner v. State, 934 S.W.2d 855, 857 (Tex. App.CHouston [1st Dist.] 1996, pet. ref=d).  Rather, the issue is whether appellant=s conduct in exposing his penis to another male outside a
set of public restrooms in Memorial Park was reckless. See McGee v. State,
804 S.W.2d 546, 548 (Tex. App.CHouston
[14th Dist.] 1991, no pet.) (framing the issue as whether appellant=s act of masturbation in a public dressing room was
reckless, even if done behind a closed curtain); Hefner, 934 S.W.2d at
857 (defining the relevant issue as whether appellant was reckless about
whether another was present who would be offended, not whether the officer who
witnessed appellant=s
exposure was offended).

With the issue properly framed, we begin with
definition of recklessness as provided by section 6.03(c) of the Penal Code:

A person acts
recklessly, or is reckless, with respect to circumstances surrounding his
conduct or the result of his conduct when he is aware of but consciously
disregards a substantial and unjustifiable risk that the circumstances exist or
the result will occur.  The risk must be of such a nature and degree that its
disregard constitutes a gross deviation from the standard of care that an
ordinary person would exercise under all the circumstances as viewed from the
actor=s standpoint.

Tex. Penal Code _
6.03(c).  This objective standard is viewed through the eyes of the ordinary
person standing in appellant=s
shoes. Hefner, 934 S.W.2d at 857.








When viewed in the light most favorable to the
jury verdict, the evidence establishes that (1) appellant exposed his penis,
pubic hair, and testicles to Officer Leal while the two stood outside a set of
public restrooms in Memorial Park; (2) Officer Leal was alarmed and offended by
the act of appellant=s
exposure; (3) the wooded area surrounding the public restrooms where appellant
exposed himself is not very secluded; and (4) in the moments before appellant
exposed himself, both appellant and Officer Leal observed two males on the
walking trails located near the public restrooms.  This evidence is legally
sufficient to support the finding that appellant was reckless about whether
another was present who would be offended and alarmed by his act. See Young,
976 S.W.2d at 774 (finding the evidence legally sufficient to support a finding
of recklessness where appellant exposed his penis to a police officer behind a
public rest area, testimony indicated that the trails in the park area behind
the rest area were trampled, and appellant admitted that another man walked
behind the rest area while appellant was Aback
there,@ and that he spoke with that man); King v. State,
No. 05-96-01496-CR, 1998 WL 474070, at *1 (Tex. App.CDallas July 29, 1998, no pet.) (not designated for
publication) (finding the evidence legally sufficient to support a finding of
recklessness where appellant exposed his penis to an undercover police officer
in a public park, the location where appellant exposed himself was on a walking
trail that led into a more densely wooded area of the park, and the officer
testified that he was offended and alarmed by appellant=s actions).

b.       Factual
Sufficiency

With respect to his factual sufficiency
challenge, appellant contends that the contrary evidence at trialCnamely, appellant=s
testimony about the sequence of events that led Officer Leal and himself to the
restroom area, including his denial of the allegations that he exposed his
genitals to Officer LealCsimilarly
render the verdict clearly wrong or manifestly unjust, or against the great
weight and preponderance of the evidence.  Appellant asserts that the facts of
this case stand in stark contrast to those in King v. State, 1998 WL
474070, at *1, in which the court of appeals held that the evidence was legally
and factually sufficient because it was the appellant=s idea to Amove
deeper into the woods@ and Athe officer did not ask [King] to expose himself.@








The State contends that, despite the
conflicting evidence, the evidence is factually sufficient to support the
verdict, and repeats the same arguments it made in response to appellant=s factual sufficiency challenge to the intent element of
the charged offense.

Viewing the evidence in a neutral light, we
find that the evidence is factually sufficient to support the finding that
appellant was reckless about whether another was present who would be offended
or alarmed by his act.  With respect to the contrary evidence at trial, it is
true appellant denied exposing his penis or testicles to Officer Leal.  In
addition, appellant further testified that (1) he and Officer Leal approached
each other in the parking lot; (2) it was Officer Leal=s idea to go for a walk in the wooded area next to the
parking lot; (3) Officer Leal requested appellant to pull up his shirt and show
him his chest and abdomen; (4) it was Officer Leal=s idea to go into the area behind the public restrooms; and
(5) once there, Officer Leal again requested appellant to show him his chest
and abdomen.  However, Officer Leal testified that (1) appellant exposed his
penis and testicles to Officer Leal outside a set of public restrooms at
Memorial Park; (2) he was alarmed and offended by the act of appellant=s exposure; (3) the wooded area surrounding those public
restrooms is not very secluded; and (4) both appellant and Officer Leal
observed two males on the walking trails located near those public restrooms
just before the exposure occurred.  The jury was entitled to disbelieve
appellant=s testimony and believe
Officer Leal=s testimony. See Young,
976 S.W.2d at 774B75.

Giving due deference to the jury=s conclusion, we find that the evidence that appellant was
reckless about whether another was present who would be offended or alarmed by
his act is not so weak that the verdict is clearly wrong and manifestly
unjust.  We further conclude that the jury=s
verdict was not against the great weight and preponderance of the contrary
evidence at trial.  Thus, the evidence is factually sufficient to establish the
recklessness element of the charged offense.  We therefore overrule appellant=s first and second issues.








II.       The
Trial Court Did Not Abuse Its Discretion in Denying Appellant=s Motion for New Trial.

In his third issue, appellant asserts that the
trial court abused its discretion in denying his motion for new trial based on
the ineffective assistance of counsel because his trial attorney (1) failed to
take appropriate action to quash the information, which allegedly contained a
substantive defect; (2) failed to discover or adduce evidence regarding the
size of appellant=s
flaccid penis, whichCaccording
to appellantCis only 2.8 inches long and Ahalf the normal size@; and
(3) opened the door to the elicitation of testimony by the State regarding
prior indecency investigations in Memorial Park.  We disagree.

A.      Standard
of Review and Applicable Law

Both the United States and Texas Constitutions
guarantee an accused the right to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, _ 10; Tex. Code Crim. Proc. art. 1.05.  The
right to counsel necessarily includes the right to the effective assistance of
counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984).  The United
States Supreme Court has established a two-prong test to determine whether
counsel is ineffective. See id. at 687.  First, appellant must
demonstrate counsel=s
performance was deficient and not reasonably effective. Id. at 688B92.  Second, appellant must demonstrate the deficient
performance prejudiced the defense. Id. at 687.  Essentially, appellant
must show that his counsel=s
representation fell below an objective standard of reasonableness, based on
prevailing professional norms, and there is a reasonable probability that, but
for his counsel=s
professional errors, the result of the proceeding would have been different. See
id. at 688, 694; see also Valencia v. State, 946 S.W.2d 81, 83 (Tex.
Crim. App. 1997). 








Appellate review of defense counsel=s representation is highly deferential, and we presume that
counsel=s actions fell within the wide range of reasonable and
professional assistance. See Bone v. State, 77 S.W.3d 828, 833 (Tex.
Crim. App. 2002).  We presume counsel=s
actions and decisions were reasonably professional and that they were motivated
by sound trial strategy. Jackson v. State, 877 S.W.2d 768, 771 (Tex.
Crim. App. 1994).  It is appellant=s
burden to rebut this presumption, by a preponderance of the evidence,
illustrating why trial counsel did what he did. Id.  Any allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999).

If appellant proves his counsel=s representation fell below an objective standard of
reasonableness, he must still affirmatively prove prejudice as a result of
those acts or omissions. Strickland, 466 U.S. at 693; McFarland v.
State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), overruled on other
grounds by Mosley v. State, 983 S.W.2d 249, 263 (Tex. Crim. App.
1998).  Counsel=s
errors, even if professionally unreasonable, do not warrant setting the
conviction aside if the errors had no effect on the judgment. Strickland,
466 U.S. at 691.  Appellant must prove that counsel=s errors, judged by the totality of the representation,
denied him a fair trial. McFarland, 928 S.W.2d at 500.  Failure to make
the required showing of either deficient performance or sufficient prejudice
defeats the ineffectiveness claim. Thompson, 9 S.W.3d at 813.

We review the trial court=s denial of a motion for new trial based on ineffective
assistance of counsel under an abuse of discretion standard. State v. Gill,
967 S.W.2d 540, 541 (Tex. App.CAustin
1998, pet. ref=d).  Therefore, we do not
apply the aforementioned  Strickland test de novo. Id. at 542. 
Rather, we review the trial court=s
application of the Strickland test under the abuse-of-discretion
standard. Id.








The test for abuse of discretion A>is not whether, in the opinion
of the reviewing court, the facts present an appropriate case for the trial
court=s action; rather, it is a question of whether the trial
court acted without reference to any guiding rules or principles, and the mere
fact that a trial court may decide a matter within its discretionary authority
differently than an appellate court does not demonstrate such an abuse.=@ State v. Herndon, 215
S.W.3d 901, 907B08
(Tex. Crim. App. 2007) (quoting Howell v. State, 175 S.W.3d 786, 792
(Tex. Crim. App. 2005)).  We do not substitute our judgment for that of the
trial court. Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App.
2004).  We review the evidence in the light most favorable to the trial court=s ruling and presume that all reasonable factual findings
that could have been made against the losing party were so made. Id.  Only
when no reasonable view of the record could support the trial court=s ruling do we conclude that the trial court abused its
discretion in denying the motion for new trial. Id.  

Furthermore, when no findings of fact or
conclusions of law are made by the trial court, we uphold the judgment if any
appropriate ground exists to support it. Gill, 967 S.W.2d at 541.  We
now turn to appellant=s
specific claims.

B.      Appellant=s Claims of Ineffective Assistance of Counsel

1.       The
Trial Attorney=s
Alleged Failure to Move the Trial Court to Quash the Information

First, appellant contends that his trial
attorney was ineffective because he failed to move the trial court to quash the
information, which appellant alleges contains a substantive defect.[3] 
Appellant asserts that his trial attorney never discussed a motion to quash
with him, nor did his trial attorney independently research the pleading
sufficiency of the information.  Appellant further asserts that his trial
attorney=s excuses for not filing a motion to quashCthat he did not want to delay prosecution of the case or
have an information filed with more inflammatory contentsCare not the result of any trial strategy, and argues that
his trial attorney=s
performance was therefore deficient.  Appellant further argues that he was
prejudiced by his trial attorney=s
failure to move to quash the information because doing so would have (1)
possibly resulted in the dismissal of his case; (2) given notice of the precise
offense so he could better prepare a defense; and (3) assisted him in making a
legal and factual sufficiency argument due to the information=s greater specificity.  Appellant contends that his motion
for new trial should therefore have been granted.








The State concedes that the information was
substantively defective, but contends nonetheless that the trial court properly
denied appellant=s
motion for new trial.  The State argues that the trial attorney=s failure to file a motion to quash the information was the
product of sound trial strategyCand
was therefore not deficientCbecause
(1) it was his understanding that appellant did not want to do anything that
would delay prosecution of the case, and a motion to quash would not have ended
the case; and (2) if the State had refiled the information, it would have
amended the allegations of recklessness with more prejudicial language, and it
was reasonable to prefer the generic language in the information to the more
explicit descriptions that might have been included in the information, as
amended.  The State further argues that, even if the trial attorney=s performance was deficient, appellant failed to prove
prejudice, as the State would have either refiled the case or would have
amended the information.  The State therefore argues that the outcome of the
case would have been no different had the trial attorney successfully moved to 
quash the information.

We agree with the State that the trial court
did not abuse its discretion in denying appellant=s
motion for new trial on this first ground.  Because the State concedes that the
information was substantively defective, we will assume without deciding that
the information was substantively defective and subject to a motion to quash,
and proceed with our analysis.

a.       The
trial court reasonably could have concluded that the trial attorney=s failure to move to quash the information was
the product of sound trial strategy, and therefore not deficient.








From the testimony presented at the hearing on
appellant=s motion for new trial, the
trial court reasonably could have concluded that the trial attorney=s failure to move to quash the information was the product
of sound trial strategy and therefore not deficient.  At the hearing, the trial
attorney testified that he met with appellant four to five times before
appellant=s trial commenced, and that
through their discussion of the facts of the case at each of these meetings, he
developed a strategy as to how to proceed at trial.  The trial attorney
testified that appellant flatly denied ever exposing himself to Officer Leal,
and that appellant communicated to him that Ahe did
not want to do anything that would delay the case because of certain aspects of
his personal life that were around.@  The
trial attorney further testified that appellant Adid not
want to delay the proceedings in any way,@ that
appellant Awanted things to be done fast
not slow,@ and that appellant Adidn=t want
[the case] to be dragged out.@  

The trial attorney also testified that he
discussed motions generally with appellantCincluding
motions to suppress and motions for discoveryCbut
that they did not specifically discuss a motion to quash.  He explained that,
although he knew it was possible to file a motion to quash in appellant=s case, he never considered filing a motion to quash the
information because he felt Astrategy-wise
that we would probably be better off trying the case or getting it dismissed
through other means.@  He
further explained that he never considered filing a motion to quash because (1)
based on appellant=s
denial of the act of exposure and how the State pleaded the offense in the
information, Ait would be a problem for [the
State] to prove recklessness@; (2)
appellant wanted to expedite the case, and a motion to quash  Awouldn=t have
ended the case,@ and Aprobably would have resulted, in [the trial attorney=s] opinion, based on [the trial attorney=s] experience, in [the State] refiling the case@ and having appellant Ago
through a bond again on a new charge with new allegations@; and (3) if the State had refiled the information with an
amended allegation of recklessness, it would have resulted in the invitation of
more inflammatory facts before the jury that might have been more harmful to
appellant in his case.








Viewing this evidence in the light most
favorable to the trial court=s
ruling, we cannot conclude that the trial court abused its discretion in
denying appellant=s
motion for new trial on this first ground.  From the testimony at the hearing
on appellant=s motion for new trial, the
trial court reasonably could have concluded that the trial attorney=s failure to quash the information was the product of sound
trial strategy, and therefore not deficient.  Although appellant testified at
the hearing that (1) his trial attorney told him that he Acouldn=t find
anything wrong with the charge@ and
that Athere were no options for dismissal@; (2) he wished he had been given the choice of whether or
not to file a motion to quash; and (3) he never said, and it would make no
sense to say, to his trial attorney ADon=t do something that might help me if it=s going to prolong the case,@
appellant also testified that he Awanted
to have [the charge] undone as quickly as possible,@ and the trial court was free to believe or disbelieve any
or all of appellant=s
testimony at the hearing on appellant=s
motion. See Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995);
see also Brown v. State, 960 S.W.2d 772, 778 (Tex. App.CDallas 1997, pet. ref=d)
(stating that, in determining whether to grant a motion for new trial, the
trial court considers all the evidence presented, judges the credibility of the
witnesses, and resolves conflicts in the evidence).

Therefore, we cannot conclude that the trial
court abused its discretion in denying appellant=s
motion for new trial on this first ground.  Appellant=s showing under the second prong of the Strickland test
also fails, as we explain below.

b.       The
trial court could reasonably have concluded that appellant failed to prove that
his defense was prejudiced by the trial attorney=s failure to quash the information.

From the evidence presented at the hearing on
appellant=s motion for new trial, the
trial court could reasonably have concluded that the trial attorney and
appellant were aware of the specific details of the charge being pursued by the
State, and therefore appellant did not show that his defense was prejudiced by
the trial attorney=s
failure to move to quash the information.








At the hearing, the trial attorney testified
that he had access to the State=s
complete file in appellant=s
case, including the offense report itself.  He further testified that he
examined appellant=s
offense report and took notes, and reviewed those notes with appellant to
develop a strategy as to how to proceed at trial.  The offense reportCintroduced into evidence by appellant at the
motion-for-new-trial hearingCrecites
that appellant AWAS
ARRESTED FOR INDECENT EXPOSURE AFTER EXPOSING HIS GENITALS TO AN UNDERCOVER
POLICE OFFICER INSIDE A CITY PARK,@ and
further provides specific narrative details of the offense and Officer Leal=s investigation.  In addition, the ADIMS report@[4]Calso introduced into evidence by appellant at the hearingCrepeats the allegations made within the information and
additionally provides:

ON 09-11-06 AT APPROX
1400 HRS, OFFICER D LEAL AND OFFICER M DEXTER OF THE HOUSTON POLICE DEPT VICE
DIVISION CONDUCTED A VICE INVESTIGATION IN THE 100 BLOCK OF PICNIC CIRCLE IN
MEMORIAL PARK.  BOTH OFFICERS WERE DRESSED IN PLAIN CLOTHES AND DRIVING
UNMARKED VEHICLES.  OFFICER LEAL PARKED IN A LOT SURROUNDED BY WOODS.  THE
DEFENDANT PARKED NEXT TO THE OFFICER AND WAS RUBBING HIS CLOTHED GENITALS WHILE
MAKING EYE CONTACT WITH THE OFFICER.  THE DEFENDANT THEN FOLLOWED THE OFFICER
INTO THE WOODS A SHORT DISTANCE.  THE [sic] THEN STOOD FACE TO FACE WITH THE
OFFICER AND UNZIPPED HIS PANTS.  HE PULLED HIS UNDERWEAR DOWN PASSED [sic] HIS
TESTICLES EXPOSING HIS PENIS.  THE OFFICER THEN IDENTIFIED HIMSELF AND ARRESTED
THE DEFENDANT WITHOUT INCIDENT.








Viewing the evidence in the appropriate light,
we cannot conclude that the trial court abused its discretion in denying
appellant=s motion for new trial on this
ground.  The trial attorney testified that he had access to the State=s complete file, which included the offense report and the
DIMS report, that he took notes from the offense report, and that he shared
these notes with appellant.  Thus, there is some indication that both the trial
attorney and appellant were aware of the specific details of the charge being
pursued by the State.  And, based upon the evidence presented at the
motion-for-new-trial hearing, the trial court could reasonably have concluded
that appellant failed to demonstrate that his defense was prejudiced by his trial
attorney=s failure to quash the information. See Curry v. State,
861 S.W.2d 479, 483 (Tex. App.CFort
Worth 1993, pet. ref=d)
(rejecting appellant=s
ineffective assistance of counsel claim because appellant failed to demonstrate
that his defense was prejudiced by trial counsel=s
failure to object to the indictment; trial counsel engaged in extensive
discovery and was aware of what the State=s
evidence showed in terms of the offense); see also Lilly v. State, No.
06-03-00157-CR, 2003 WL 22881800, at *2 (Tex. App.CTexarkana Dec. 8, 2003, no pet.) (mem. op., not designated
for publication) (rejecting appellant=s
ineffective assistance of counsel claim because appellant failed to demonstrate
that his defense was prejudiced by trial counsel=s
failure to quash the indictment; trial counsel was aware of charge being
pursued by the State, and there would have been Ano
point@ in complaining about the indictment).  

Although appellant (1) testified that his trial
attorney Adidn=t actually know all the facts of the case@ and never showed appellant his notes from the offense
report; and (2) argued that his trial attorney actually took notes from the
DIMS report, and not the offense report, the trial court was entitled to
believe or disbelieve any or all of this testimony and resolve any conflicts in
the evidence. See Lewis, 911 S.W.2d at 7; Brown, 960 S.W.2d at
778.  Additionally, appellant cites us to no authority in support of his
proposition that a trial court abuses its discretion in denying a motion for
new trial based on the ineffective assistance of counsel where trial counsel
failed to quash an indictment that contains a substantive defect.[5]








Thus, the trial court could reasonably have
concluded that appellant failed to meet his burden to demonstrate that his
defense was prejudiced by his trial attorney=s
failure to move to quash the information.  We therefore overrule appellant=s third issue as it pertains to the trial attorney=s failure to move to quash the information.

2.       The
Trial Attorney=s
Alleged Failure to Discover or Adduce Evidence of the Size of Appellant=s Penis

Next, appellant contends that his trial
attorney was ineffective because he failed to discover or adduce evidence
regarding the size of appellant=s
flaccid penis, whichCaccording
to appellantCis only 2.8 inches long and Ahalf the normal size.@ 
Appellant asserts that he informed his trial attorney about his Aabnormally small@ penis
and the trial attorney did not consider it relevant.  Appellant further asserts
that, even if the trial court did not abuse its discretion in disbelieving
appellant=s testimony that he informed
his trial attorney about the size of his penis, the trial attorney=s performance was deficient because (1) the trial attorney
still had a duty to reasonably investigate and should have asked about
appellant=s penis size; and (2)
appellant relied on his trial attorney, as defense counsel, to conduct a
reasonable investigation into relevant matters, and appellant=s Aunusually
small@ penis was relevant and even exculpatory.  Appellant
further argues that his trial attorney=s
failure to investigate and adduce evidence about appellant=s small penis prejudiced him because (1) appellant did not
have the opportunity to tell the jury that, given his embarrassment over his Aminiature@
penis, he would never have exposed himself to Officer Leal; and (2) neither
appellant nor an expert witness had an opportunity to explain to jurors how it
would have been impossible for Officer Leal to see appellant=s penis if his hand were wrapped around it.








Conversely, the State contends that the trial
court did not abuse its discretion in denying appellant=s motion for new trial on this second ground.  The State
asserts that, because the trial attorney testified that appellant denied having
any physical abnormalities, and because appellant Aseemed to treat the size of his penis as a >condition= that
had >affected him throughout [his] life,=@ the trial court could have
found that the trial attorney=s
inquiry into the issue of potential abnormalities was professionally adequate. 
The State further asserts that, even if the trial attorney=s performance was deficient in this respect, evidence of
the size of appellant=s
penis would not have affected the outcome of the trial because (1) Officer Leal
testified that he had seen appellant=s
penis, pubic hair, and testicles before appellant grabbed his penis with his
hand; (2) even if appellant=s hand
completely obscured his Adiminuitive
member@ after he grabbed it, the exposure had already occurred;
and (3) appellant=s
expert, Dr. Cornell, testified that appellant=s
penis and pubic hair would have been visible to Officer Leal.  The State argues
that appellant therefore failed to prove prejudice, and the trial court
properly denied appellant=s
motion for new trial.

We agree with the State that the trial court
did not abuse its discretion in denying appellant=s
motion for new trial on this second ground.  From the testimony presented at
the hearing on appellant=s
motion for new trial, the trial court could reasonably have concluded that the
trial attorney=s performance was not
deficient.  Furthermore, the trial court could have reasonably concluded that,
even if the trial attorney=s
performance was deficient, evidence regarding the size of appellant=s penis would not have affected the outcome of the trial.

a.       The
trial court could reasonably have concluded that the trial attorney=s failure to discover or adduce evidence of the
size of appellant=s
penis was not deficient.








From the testimony presented at the hearing on
appellant=s motion for new trial, the
trial court could reasonably have concluded that the trial attorney=s failure to discover or adduce evidence of the size of
appellant=s penis was not deficient.  At
the hearing, the trial attorney testified that (1) during the initial stages of
trial preparation, he had asked appellant whether he had any Aabnormalities@ with
respect to his penis, to which appellant responded that he Adidn=t have
anything abnormal@; (2)
appellant never informed him at any time during their discussions that he had a
Asmall or abnormally small@
penis; (3) he and appellant never discussed the size of appellant=s penis; and (4) he and appellant had no discussions about
taking photographs of appellant=s
penis to show to the jury.  Although appellant testified that he told his trial
attorney about the Acondition@ that he had regarding his Aabnormally
small@ penis at their very first meeting, and that his trial
attorney responded that Athat=s something that would be demeaning to bring up in court,@ and Athis
case is about exposure not about size and it wouldn=t make any difference,@ the
trial court was entitled to disbelieve appellant=s
testimony and reconcile any conflicts in the evidence presented at the hearing
on appellant=s motion for new trial. See
Lewis, 911 S.W.2d at 7; Brown, 960 S.W.2d at 778.

Viewing this evidence in the appropriate light,
we cannot say that the trial court abused its discretion in denying appellant=s motion for new trial on this second ground.  From the
above testimony, the trial court could have concluded that the trial attorney=s failure to discover or adduce evidence of the size of
appellant=s penis was due to appellant=s intentional withholding of the information, and therefore
not deficient. See Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App.
1984) (refusing to hold counsel ineffective when the defendant failed to impart
sufficient information to permit trial counsel to determine the identity of
supposedly key witnesses); Rodriguez v. State, 74 S.W.3d 563, 569 (Tex.
App.CAmarillo 2002, pet. ref=d) (A[A] client has a duty to disclose information pertinent to
his defense.  Should the client withhold same, then he may not complain about
the effect his own evasive conduct had upon the performance of counsel.@); Hernandez v. State, 885 S.W.2d 597, 601B02 (Tex. App.CEl
Paso 1994, no pet.) (recognizing that the defendant=s failure to provide his attorney with relevant information
defeats a later claim of ineffective assistance because the attorney failed to
obtain particular information).  We next examine appellant=s showing under the second prong of the Strickland test.








b.       The
trial court could reasonably have concluded that appellant failed to prove that
his defense was prejudiced by his trial attorney=s failure to discover or adduce evidence of the
size of appellant=s
penis.

Again, from the evidence presented at the
hearing on appellant=s
motion for new trial, the trial court could reasonably have concluded that
appellant did not show that his defense was prejudiced by his trial attorney=s failure to discover or adduce evidence of the size of
appellant=s penis.  At the hearing, Dr.
Cornell testified regarding the size of appellant=s
penis.  He related that he examined appellant=s
penis before the hearing on appellant=s
motion for new trial, and that appellant=s
flaccid penis measured 7 centimetersCor 2.8
inchesCin length, which he explained is Aabout half the size of normal.@  Dr. Cornell further testified that he measured the width
of appellant=s palm, which was 11
centimeters in length, and that appellant=s
penis would approximate the middle of his palm only.  He explained that, since
it was not physically possible for appellant=s
penis to extend beyond the width of his palm, the Amasturbatory gesture@ made
by appellant that Officer Leal described in his testimony Aisn=t
possible with a penis that measures less than the width of his palm,@ because Aif he
were to have the penis in the palm of his
hand . . . closing the hand would completely obscure the
penis,@ such that it Awould
not be visible [to Officer Leal].@

However, Dr. Cornell also explained that,
notwithstanding the size of appellant=s
penis and the impossibility of the masturbatory gesture allegedly made by
appellant, Officer Leal would have been able to see appellant=s penis and pubic hair from a distance of Aa foot and a half to two feet,@ as Officer Leal testified at trial.  Because the offense
of indecent exposure merely requires exposure of any part of the defendant=s genitals, see Tex.
Penal Code _ 21.08(a), and because the
evidence adduced at the hearing on appellant=s
motion for new trial did not refute Officer Leal=s
trial testimony that he saw appellant=s
penis, pubic hair, and testicles before appellant grabbed his penis with his
hand or made any masturbatory gesture, the trial court could have reasonably
concluded that evidence of the size of appellant=s
penis would not have affected the outcome of the trial.








Moreover, although appellant argues that he was
prejudiced because he did not have the opportunity to tell the jury that he
would never have exposed himself to Officer Leal due to his embarrassment over
his Aminiature@ penisCand presented testimony to that effect at the
motion-for-new-trial hearing[6]Cthe trial court was entitled to disbelieve any or all of
appellant=s testimony and reconcile any
conflicts in the evidence. See Lewis, 911 S.W.2d at 7; Brown, 960
S.W.2d at 778.  The trial court could reasonably have concluded that appellant
failed to show that he was prejudiced by the trial attorney=s failure to discover or adduce information of the size of
appellant=s penis.

Viewing the evidence in the appropriate light,
we cannot conclude that the trial court abused its discretion in denying
appellant=s motion for new trial.  We
therefore overrule appellant=s
third issue as it pertains to the trial attorney=s
failure to discover or adduce evidence of the size of appellant=s penis.

3.       The
Trial Attorney=s
Alleged Opening the Door to Testimony Regarding Prior Indecency Investigations
in Memorial Park








Finally, appellant contends that his trial
attorney was ineffective because he opened the door to the elicitation of
testimony by the State regarding prior indecency investigations in Memorial
Park, despite trial counsel=s
motion in limine and objections made during trial.  Appellant asserts that this
evidence was Ainflammatory because it
suggested parks such as Memorial Park were popular locations for lewd or
indecent behavior,@ and
argues that the prejudicial nature of this evidence far outweighed the
relevance of the type of vehicle Officer Leal was driving.  Appellant further
suggests that this evidence was inadmissible, and argues that A[c]ourts have not hesitated in finding ineffective
assistance of counsel when defense counsel opens the door to otherwise
inadmissible evidence.@[7]








Appellant=s contention
is without merit.  From our review of the record, we do not find that the State
elicited any testimony from Officer Leal suggesting that Memorial Park is a
popular location for lewd or indecent behavior, as appellant contends.[8]  
Rather, based upon Officer Leal=s
testimony that he used different vehicles, as well as tape recorders, in
previous investigations, the State inquired whether Officer Leal had Agone into the woods@ in Aprevious investigations,@ to
which Officer Leal responded, Asometimes
we conduct our investigations in the woods.  We=re
physically walking through trails.  We encounter suspects inside the walking
trails.  So, it=s not
uncommon to get out of your vehicle and walk into the woods.@  Furthermore, and more importantly, appellant provides no
argument or authority supporting his assertion that this testimony is
inadmissible; it is not ineffective assistance to Aopen the door@ to
admissible testimony. See Moore v. State, 983 S.W.2d 15, 21 (Tex. App.CHouston [14th Dist.] 1998, no pet.) (A[A]n attorney=s
failure to object to admissible testimony does not constitute ineffective
assistance.@); see also Rogers v. State,
No. 14-95-0812-CR, 1999 WL 47416, at *3 (Tex. App.CHouston [14th Dist.] Feb. 04, 1999, pet. ref=d) (not designated for publication) (AAn attorney=s
failure to object to admissible testimony, and by analogy, to solicit it, does
not constitute ineffective assistance.@).

Viewing the evidence in the appropriate light,
we cannot conclude that the trial court abused its discretion in denying
appellant=s motion for new trial on this
third ground.  The trial court could have reasonably concluded (1) the above
testimony elicited by the State was admissible, and therefore the trial
attorney=s performance was not deficient; or (2) if the testimony
was, in fact, inadmissible, the trial attorney=s
performance did not prejudice appellant=s
defense.  We overrule appellant=s
third issue as it pertains to the trial attorney=s
opening the door to the elicitation of allegedly inadmissible testimony by the
State.

III.      The
Trial Court Did Not Err in Denying Appellant=s Motion in Arrest of Judgment.

In his final issue, appellant contends that the
trial court erred in denying his motion in arrest of judgment.  Appellant
repeats his assertion that the information was substantively defective and
therefore subject to a motion to quash, and argues that, under Rule 22.1 of the
Texas Rules of Appellate Procedure, the trial court was required to grant his
motion in arrest of judgment.








A motion in arrest of judgment is a defendant=s oral or written suggestion to the trial court that the
judgment rendered was contrary to law. Tex.
R. App. P. 22.1.  The motion may be based on the ground that the
information is subject to an exception on substantive grounds, that in relation
to the information a verdict is substantively defective, or that the judgment
is invalid for some other reason. Tex.
R. App. P. 22.2.  However, the Texas Court of Criminal Appeals has made
it clear that, under article 1.14(b) of the Code of Criminal Procedure, a
defect in a charging instrument is waived unless raised before trial. See
Teal v. State, 230 S.W.3d 172, 177B78
(Tex. Crim. App. 2007).  Therefore, a party may not raise an objection to a
substantive defect in an information for the first time in a motion in arrest
of judgment.[9] See Tex. Code Crim. Proc. art. 1.14(b); Teal,
230 S.W.3d at 178; see also Studer v. State, 799 S.W.2d 263, 273 (Tex.
Crim. App. 1990).

It is undisputed that appellant did not file a
pre-trial motion to quash the information.  Therefore, under article 1.14(b),
he may not raise the substantive defect he complains of for the first time in
his motion in arrest of judgment. See Tex.
Code Crim. Proc. art. 1.14(b); Teal, 230 S.W.3d at 178; Studer,
799 S.W.2d at 273; see also Sullivan v. State, No. 04-07-00214-CR, 2008
WL 506230, at *3 (Tex. App.CSan
Antonio Feb. 27, 2008, no pet.) (mem. op., not designated for publication)
(holding that appellant could not raise the complaint that the information was
substantively defective for failing to allege with reasonable certainty the act
or acts relied upon to constitute recklessness for the first time in a motion
in arrest of judgment).  Thus, the trial court did not abuse its discretion in
denying appellant=s
motion in arrest of judgment.  We therefore overrule appellant=s final issue.

 

 








Conclusion

Having addressed and overruled each of
appellant=s issues, we affirm the trial
court=s judgment.

 

 

 

 

/s/      Wanda McKee
Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed August 19, 2008.

Panel
consists of Justices Fowler, Frost, and Seymore.

Do Not
PublishC Tex. R. App. P.
47.2(b).

 









[1]  Section 21.08 of the Texas Penal Code provides that
a person commits the offense of indecent exposure Aif he exposes his anus or any part of his genitals
with intent to arouse or gratify the sexual desire of any person . . . .@ Tex. Penal
Code _ 21.08 (emphasis added).  Here, the information
alleged that appellant Aunlawfully expose[d] his PENIS to D. LEAL with intent
to arouse and gratify the sexual desire of [appellant] . . . .@  This allegation was descriptive of the intent
element of the offense, and the State was therefore required to prove that
appellant exposed his penis with the intent to arouse and gratify his sexual
desire. See Curry v. State, 30 S.W.3d 394, 400 & n.33 (Tex. Crim.
App. 2000); see also Smith v. State, No. 06-00-00136-CR, 2001 WL
1266058, at *4 (Tex. App.CTexarkana Oct. 24, 2001, pet. ref=d) (not designated for publication). 





[2]  See also Caballero v. State, 927 S.W.2d 128, 131 (Tex. App.CEl Paso 1996, pet. ref=d) (AThe intent element [of the offense of indecency with
a child] goes only to the purpose of the contact, not to any result therefrom.@); Rodriguez v. State, 24
S.W.3d 499, 502 (Tex. App.CCorpus Christi 2000, pet. ref=d) (quoting Caballero, 927 S.W.2d at 130B31) (AThe indecency [with a child] offense includes the
requirement of >intent to arouse or gratify the
sexual desire= . . . . The
offense, however does not require that the arousal or gratification actually
occur.@). 





[3]  Specifically, appellant asserts that the information
failed to allege with reasonable certainty the act or acts relied upon to
constitute recklessness, and cites Gengnagel v. State, 748 S.W.2d 227,
228B30 (Tex. Crim. App. 1988), and article 21.15 of the
Texas Code of Criminal Procedure in support of his contention.  However, as we
explain below, because the State concedes that the information is substantively
defective, we will not address the pleading sufficiency of the information
here.





[4]  The ADIMS report@ appears to be a summary of the offense report. 
Appellant contends that his trial attorney actually reviewed and took notes
from the DIMS report, not the offense report.  However, based upon our review
of both reports, we find that the trial court could have concluded thatCbased upon the trial attorney=s access to and review of either the offense report or
the DIMS reportChe was aware of the specific details of the charge
being pursued by the State, and that appellant therefore failed to prove that
his defense was prejudiced by his trial attorney=s failure to move to quash the information.





[5]  Appellant cites Ex parte Drinkert, 821 S.W.2d
953 (Tex. Crim. App. 1991), for the proposition that his trial attorney=s failure to move to quash the information prejudiced
his defense in a manner sufficient to satisfy the second prong of the Strickland
test.  However, that case is distinguishable from the facts of the present
case.  In Drinkert, appellant was charged by indictment with two counts
of murder. Id. at 955.  The first count of the indictment was valid,
while the second count was void because it was based upon an invalid theory of
felony murder. Id.  The jury charge authorized conviction under either
count of the indictment, and appellant=s
trial counsel failed to object to either the indictment or the jury charge. Id. 
The jury returned a general verdict, so that Ait [was] impossible to determine upon which count the conviction [was]
based.@ Id.  The Court of Criminal Appeals held that
when an indictment alleges two counts of an offense, the first of which is
correct and the second of which is void, and the jury returns a general verdict
of guilt, it is ineffective assistance when trial counsel fails to object to
the indictment and the  jury charge. See id. at 956.  The Court
explained that, A[b]y failing to object to the indictment and to the
jury charge, the trial counsel permitted an invalid theory to be submitted to
the jury,@ and A[t]here exists
a reasonable probability that the jury may not have convicted appellant had
trial counsel objected and that theory not been submitted.@ Id.  Here, unlike Drinkert, an invalid
theory of guilt was not submitted to the jury, so the Court=s conclusion in that case regarding the second prong
of the Strickland test is inapposite.





[6]  Specifically, appellant testified that (1) he did not expose himself to
Officer Leal; (2) he would never have exposed himself due to the psychological
issues he has had his whole life with his small genitals; (3) he actually
refused Officer Leal=s request to show him his genitals;
and (4) he wanted the jury to hear testimony regarding his refusal and his
embarrassment over his small genitals.





[7]  Appellant cites Brown v. State, 974 S.W.2d
289 (Tex. App.CSan Antonio 1998, pet. ref=d), and Doles v. State, 786 S.W.2d 741 (Tex.
App.CTyler 1989, no pet.), in support of his contention
that opening the door to otherwise inadmissible evidence constitutes
ineffective assistance of counsel.  However, these cases are distinguishable. 
In Brown, trial counsel opened the door, elicited, and failed to object
to extraneous offense evidence that appellant Aused cocaine on a regular basis, drank to excess, and was promiscuous.@ Brown, 974 S.W.2d at 293.  The court of
appeals held that trial counsel=s opening the
door to and elicitation of this extraneous offense evidence constituted
ineffective assistance of counsel. Id. at 294B95.  In Doles, trial counsel introduced part of
the written statement of appellant=s
stepdaughter, which enabled the State to introduce the entire contents of the
written statement. Doles, 786 S.W.2d at 746. The written statement
contained allegations that appellant had sexually abused victims other than the
complainant, as well as allegations that appellant Adrank a lot and physically abused [his stepdaughter].@ Id. at 744B45. 
The court of appeals held that trial counsel=s
actions in enabling the State to introduce the entirety of the written
statement of appellant=s stepdaughter constituted ineffective assistance of
counsel. Id. at 747.  Contrary to the situation in Brown and Doles,
the testimony appellant complains of here is not extraneous offense evidence,
and appellant provides us with no other authority for his contention that
testimony regarding prior indecency investigations in Memorial Park is
inadmissible.  Therefore, to the extent that Brown and Doles stand
for the proposition that trial counsel is ineffective by opening the door to
the introduction of evidence of extraneous offenses committed by the defendant,
they are distinguishable.





[8]  Even if the State had elicited testimony that
Memorial Park is Aa popular location for lewd or indecent behavior,@ or that it is a Ahigh
crime area,@ such evidence is admissible under Rule 404(b) of the
Texas Rules of Evidence. See Revada v. State, 761 S.W.2d 426, 428 (Tex.
App.CHouston [14th Dist.] 1988, no pet.).  The State is
entitled to elicit testimony on the facts and circumstances surrounding the
commission of the offense, and this testimony describes the circumstances
surrounding the commission of the offense  for in which appellant was
convicted. See id. (citing Wilkerson v. State, 736 S.W.2d 656,
661 (Tex. Crim. App. 1987); Sifford v. State, 741 S.W.2d 440, 441 (Tex.
Crim. App. 1987); Hoffert v. State, 623 S.W.2d 141, 144 (Tex. Crim. App.
1981)).





[9]  This result is in accord with the principle that,
when a conflict arises between the Code of Criminal Procedure and the Rules of
Appellate Procedure, the rules must yield to the legislative enactment. See Tex. Code Crim. Proc. art. 44.33(a); Marin
v. State, 851 S.W.2d 275, 278 (Tex. Crim. App. 1993), overruled on other
grounds by Cain v. State, 947 S.W.2d 262 (Tex. Crim. App. 1997). 
Furthermore, this result comports with our sister court=s observation:

 

AA motion in arrest of judgment is essentially a
post-trial motion to quash the indictment.  With the advent of [Texas Code of
Criminal Procedure article 1.14(b)], requiring that objections to the
indictment be raised prior to the date of trial or be waived, however, a motion
in arrest of judgment now appears to be confined to reurging complaints about
indictments made by timely objection prior to trial.@

 

See Crittendon v. State, 923 S.W.2d 632, 634 (Tex. App.CHouston [1st Dist.] 1995, no pet.) (internal citations
omitted).  Thus, while appellant is correct in his observation that nothing in
the plain language of Texas Rule of Appellate Procedure 22.1 compels this
result, article 1.14(b) of the Code of Criminal Procedure actually controls
this case.